T. CLARK & BRO., Appellants, *v.* J. LOWENBERG & BRO., Respondents.

Practice—Undertaking on Appeal.—If the undertaking on appeal is filed before the notice of appeal is served, the appeal is not effectual for any purpose, and it must be dismissed.

Appeal from the first judicial district, Nez Perce county. Motion to dismiss the appeal.

*Alanson Smith* and *J. Brumback*, for the appellants.

*Huston & Gray,* for the respondents.

PRICKETT, J., delivered the opinion.  HOLLISTER, C. J., concurring.  Clark, J., took no part in this case.

The notice of appeal in this case was filed on the twentieth day of October, 1876.  It was served on the twenty-fourth day of October.  The undertaking was executed on the eighteenth, and filed on the twentieth day of October, 1876. With this state of facts, the question now is, has this court jurisdiction?  Section 438 of the civil practice act of the eighth session laws, relating to appeals, provides that "the appeal is ineffectual for any purpose, unless within five days of the service of the notice of appeal, an undertaking be filed," etc.  In order to constitute an effectual appeal to this court, three things are necessary: First, filing the notice; Second, service of the same; and, Third, filing the undertaking.  All of these steps must be taken within the times limited by statute.  If not so taken, there is no appeal effected, and this court has no jurisdiction of the case. The undertaking in this appeal was filed too soon.  The statute does not permit the undertaking to be filed until after the service of the notice; and therefore until such service, there is nothing for the undertaking to operate on.  It has no office or function to perform.  The case stands therefore as if no undertaking had been given, and there was no appeal perfected.

The appeal is dismissed, but without prejudice.