[Filed April 17, 1885.]

RACHEL HAWTHORNE ET AL. *v.* CITY OF EAST PORTLAND.

APPEAL—PRACTICE—UNDERTAKING.—Where an undertaking on appeal is filed before the notice of appeal is served, the appeal may be dismissed on motion. But when it appears that such undertaking was so filed in consequence of an excusable mistake, a cross-motion for leave to file an amended undertaking may be allowed upon proper terms.

APPEAL from Multnomah County.    Motion to dismiss appeal.

*Julius C. Moreland*, for the Motion.

*S. R. Harrington*, contra.

THAYER, J.—This motion was filed on the part of the respondent herein to dismiss the appeal taken from the Circuit Court for the county of Multnomah by the appellants. The grounds of the motion were that no undertaking on appeal had been filed as required by law. Upon the filing of said motion

the appellant filed what is termed a cross-motion, for leave to perfect the said appeal by filing a new undertaking in this court. The filing of the latter motion is, in effect, a confession of the fact that no sufficient undertaking has been filed; and hence the only question for our determination is, whether the appellant has shown such a mistake in omitting to perfect its appeal in the manner mentioned as will authorize this court to permit it now to correct the omission.

It appears that Mr. Harrington, the city attorney of the city of East Portland, was directed by the common council of that city to take an appeal in the case, and that he has been making efforts for some time in that direction; that some time in December last a notice of appeal was served upon the respondent, but was not perfected, and that on the 16th day of January, 1885, said city attorney prepared a notice of appeal in the case, and an undertaking, and that he delivered the undertaking to Mr. I. N. Saunders, the mayor of said city, with directions to have it executed, and that subsequently, and on the 22d day of January, 1885, he served the said notice on the respondent, and filed the same, with proof of service, in the office of the clerk of said Circuit Court.

It also appears that Mr. Saunders, who is the county clerk of said county of Multnomah, as well as mayor of said city, after receiving said undertaking procured it to be duly executed, and thereupon, and on the 17th day of January, 1885, marked it filed as of that day, without having called Mr. Harrington's attention to the fact; that the latter, upon filing such notice of appeal, ascertained from the clerk said fact, and thereupon informed Mr. Saunders that he did not intend to have him file said undertaking until the service of the notice of appeal, and that he only delivered it to him to have it executed. The said undertaking was then among the archives of the court. But Mr. Saunders, discovering that he had prematurely marked it filed, and thinking that it would not be improper to correct the error, changed the date of the filing to the 27th day of January, 1885, though in his certificate to the transcript forwarded to this court he certified that the undertaking was filed on the 17th day of

January, as originally marked filed. The said city attorney, however, supposing that the clerk, under the dual position he occupied, could change the said file-mark as mentioned, paid no further attention to the matter until he ascertained that said motion to dismiss his appeal had been filed, and that the certificate to the transcript indicated the date of filing as of said 17th day of January. I think we may reasonably conclude that the affair was a mistake within the meaning of subdivision 4 of section 527 of the Civil Code.

In the hurry and bustle of a large law practice, an attorney cannot be expected to personally attend to every act in the course of his duty. He must necessarily rely upon others to assist in the details of his business. The attorney in this case had prepared the undertaking and relied upon Mr. Saunders having it executed, and the latter supposed that it would be proper to mark it filed when executed; and when he ascertained that he had made a mistake in doing so, supposed he had a right to correct it. He could very properly have done so if he had not deposited it with the files of the court; after he did that he lost control over the matter, and should not have attempted it, though I think the clerk was acting in good faith at the time. Mr. Harrington, however, may not have known but that the former was at this time retaining the paper in his character as mayor, in which case he could properly have changed the date of filing. The appeal was evidently taken in good faith, and the court should hesitate to dismiss it when there is an apparent mistake. The attorney for the appellant may not have given the matter that particular attention that he should; he brought the transcript here in the faulty condition shown, and the respondent was fully justified in filing the motion to dismiss. I believe, therefore, that the cross-motion should not be allowed except upon terms. An order will therefore be entered permitting the appellant to file such undertaking upon payment to the respondent's attorney of the sum of ten dollars.