MAGGIE HOAGLAND, PLAINTIFF AND APPELLANT v. FRANK HOAGLAND, DEFENDANT AND RE-SPONDENT.

ACTION WITHOUT COSTS—POVERTY AFFIDAVIT—APPEAL BOND RE-QUIRED—STATUTORY CONSTRUCTION—DISMISSAL.

1. *Poverty Affidavit—Action Without Advancing Costs—Bond on Appeal Required.*

The purpose of Secs. 1016–1020 Rev. Stat. 1898, is to permit persons who have meritorious causes of action or defenses and who are shown to have no property, money, or means whatever to pay the fees required by law to be paid in advance to certain officers for their services with reference thereto, to commence or defend such actions without advancing such fees. In case on appeal, the filing of the affidavit provided for in Sec. 1017, relieves the necessity of advancing officer's fees which belong to the state, but not the filing of an undertaking under Sec. 3305, to reimburse the respondent for his costs if successful on appeal. Zane, C. J., dissenting.

2. *Statutory Construction—Necessity for Appeal Bond not Super-ceded by Poverty Affidavit.*

> Secs. 1016–1020 *Rev. Stat.* 1898, providing how a poor person may prosecute or defend an action without advancing officer's fees, do not modify or repeal Sec. 3305, R. S. 1898, requiring the filing of an undertaking on appeal for respondent's benefit. Zane, C. J., dissenting.

3. *Appeal Bond—Purpose—Dismissal for Failure to File.*

> The undertaking on appeal required by Sec. 3305, R. S. 1898, is filed for the benefit of the respondent, and is a right which he may waive.
>
> Conditional dismissal for failure to file.

( Decided November 10, 1898. )

Appeal from the District Court Salt Lake County, Hon. Ogden Hiles, *Judge.* Appeal dismissed conditionally.

Action by plaintiff against defendant to obtain a decree of divorce. From a judgment for defendant plaintiff appeals and on the appeal filed no bond, but in lieu of the bond filed a poverty affidavit under Section 1017 R. S. 1898. Appeal dismissed unless appellant within thirty days filed a bond as required by Section 3305 R. S. 1898.

*Messrs. Shepard & Sanford*, for appellant.

*Messrs. C. F. and F. C. Loofbourow*, for respondent.

*Per Curiam.*

Plaintiff filed her complaint to obtain a decree of divorce against the defendant. Having failed in the action she undertakes to appeal to this court. No undertaking on appeal was filed by appellant under sec. 3305, Rev. Stat. 1898, but she undertakes to excuse the filing of an undertaking by filing an affidavit under sec. 1017, as follows:

"I, Maggie Hoagland, do solemnly swear that owing to my poverty I am unable to bear the expenses of the action or legal proceeding which I am about to commence, or the

18 Utah—20

appeal which I am about to take and that I verily believe that I am justly entitled to the relief sought by this action, legal proceeding or appeal."

The clerk certified to this court a copy of the affidavit in the place of the undertaking on appeal. The appellant contends that the making and filing of the affidavit supercedes and renders it unnecessary to file any undertaking under Sec. 3305.

The respondent moves to dismiss the appeal on the ground that no undertaking, as required by law, has been filed. The question presented is, does the filing of the affidavit render it unnecessary to file an undertaking under Sec. 3305?

In order to reach a conclusion in this matter it is necessary to determine the meaning of Secs. 1016, 1017, 1018, 1019, 1020 and 3305, Rev. Stat. 1898. These several provisions of the statute should be construed together.

In order for any poor person to avail himself of the provisions of Sec. 1016, it becomes incumbent upon him to present to the judge an affidavit showing a good and meritorious cause of action or defense, and stating therein the grounds of his alleged rights, and that he has no money, property or means of any kind or nature sufficient to pay the fees of the officers, and that by reason thereof he is unable to pay in advance the necessary fee to commence or defend his action. It is then discretionary with the judge to order the services to be performed by the officer named, without payment of the legal fees in advance, or the judge may require security for costs to be filed; and then require the services to be performed by the officer, without the payment of the statutory fees in advance.

On filing the affidavit required by Sec. 1017, the poor litigant may prosecute, appeal, or defend any case. Under Sec. 1018, it is provided that upon presenting such

affidavit to a justice of the peace, or to the clerk of any court, it is made their duty to file any complaint or papers on appeal, and to do anything that is necessary to be done as if the fees therefor had been paid.

The object of Sec. 1017 is expressed in Sec. 1018, to the effect that no advance fee shall be charged such poor person. Under Sec. 1019, such justice of the peace, clerk of any court, or any other officer may tax and collect their regular fees for all services so rendered for such poor litigant in case he is successful in the suit, and in case he is defeated in the action or appeal, the costs of such action and appeal shall be adjudged against him.

Sec. 1020 provides, that if it is made to appear that the affidavit named in Sec. 1017, is untrue, or that the appeal is frivolous or malicious, the court may order the affiant to show cause why he should not give bond or security for costs of his action or appeal, or pay the legal fees therefor. This section also has reference to the advance payment of the fees payable to the officer and belonging to the state, as a pre-requisite to the commencement of the action or taking of the appeal. It has reference to the advance costs and fees of the party commencing the action, and he may be required to give a bond for such fees or costs, or pay the legal fees therefor. The payment of the advance fees to the officers for commencing the action or appeal, on the order of the court is all that would be required to prosecute an action or appeal, and then no bond for such advance costs would be required. The costs of commencing the action or appeal have reference only to the costs the moving party has to advance, and not to the costs the defendant or respondent, if successful, has incurred in defending against the action. The advance costs of the plaintiff or appellant are covered by the statute, but the costs of the defendant, or respond-

ent on appeal, are not intended to be covered by these provisions of the statute.

The purpose of these provisions of the statute was to permit poor persons who had meritorious causes of action, or defense thereto, and who were shown to be poor, and who had no property, money or means whatever to pay the fees required by law to be paid in advance to certain officers for their services, with reference thereto, to commence or defend such meritorious cause of action without being required to advance the legal fees therefor to such officer before services so required in such action were performed. The statute did not protect such poor person from the judgment for costs in case he was unsuccessful; on the contrary, if such poor person fails in his action or appeal, such advance costs shall be assessed against him, and may be collected from him personally, without reference to the undertaking required by Sec. 3305.

Sec. 3305, Rev. Stat. 1898, reads as follows:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. The order of service is immaterial but within five days after service of the notice of appeal an undertaking on appeal shall be filed or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived in writing by the adverse party."

The undertaking required under this section is to the effect that the appellant will pay all damages and costs which may be awarded against him on appeal, or on a dismissal of the action not exceeding $300. Such costs would be such as the respondent and not the appellant had incurred in defending against the appeal. In such a

case the undertaking provided by this section is not for the benefit of the officer whose fees have not been paid under Secs. 1016, 1017, and 1018, referred to, but for the protection and reimbursement of the respondent who is successful in the action.

Sec. 3305, provides that the undertaking may be waived by the respondent. If the undertaking was for the benefit of the officer, or any one else except the respondent, the respondent would not be permitted to waive it.

Reading and construing the several sections together, we are constrained to find that the object and purpose of requiring the affidavit under Sec. 1017, was to protect the poor person from the payment in advance of fees to certain officers, in commencing, appealing, or defending his action, and allow him to proceed with his case without paying such fees in advance. In case of an appeal, the affidavit is regarded as evidence to the officer that no advance fee is required to be paid by the appellant on the appeal. In our opinion this section in no way repealed or modified Section 3305, requiring an undertaking to be filed for the benefit of the respondent in case he was successful in the action to recover his costs incurred in the defense of the appeal. It is nowhere provided in the statutes referred to that the making of the pauper affidavit shall supercede the necessity of filing the undertaking required by Section 3305, regulating the manner of taking appeals, and we are of the opinion that this section is not repealed by the provisions of the statute referred to. This construction renders all the provisions of the statute referred to effective and harmonious. *Benson* v. *Anderson*, 9 Utah, 154, 33 Pac. Rep. 691.

We are of the opinion that inasmuch as no undertaking on appeal has been filed that the appeal should be dismissed, with costs, unless the appellant shall file in this

court, within thirty days, after the filing of this opinion, an undertaking required by Section 3305 Rev. Stat. 1898.

It is so ordered.

BARTCH, J. concurred.

ZANE, C. J. dissenting.

Sec. 1017 Rev. Stat. of Utah, declares that any person may appeal any case in any court of the state on taking an oath before any officer authorized to administer oaths as follows:

"I, A B, do solemnly swear that owing to my poverty I am unable to bear the expenses of the action or legal proceedings which I am about to commence or the appeal which I am about to take, and that I verily believe I am justly entitled to the relief sought by such action, legal proceeding, or appeal."

Sec. 1018, declares that on such oath or affirmation being presented to the clerk of any court, such clerk shall at once file any papers on appeal, and do any and all things necessary to be done as promptly as though such litigant had fully paid all the regular fees, and the sheriff or his deputies, shall at once promptly serve any and all summons, writs, processes, and subpœnas, and all papers necessary and proper in the prosecution or defense of such action for such poor person as though all the necessary fees and costs had been fully paid.

Sec. 1020, provides that, if it shall be made to appear to the court by affidavit, that the affidavit is untrue, or the suit or appeal is frivolous or malicious or without merit, the court may make a rule on such poor person, requiring him to appear at a fixed time and place to show cause why he should not give bond and security for the costs of his action or appeal, or pay the legal fees therefor, and, on failure to do so, why his appeal should not be dis-

missed; and if the court shall be of the opinion that the poor person's affidavit is frivolous, or the appeal is malicious and without merit, the court in which such action is pending may dismiss it.

I am of the opinion that upon affidavit being filed as provided in Sec. 1017, it is the duty of the clerk to file the papers on appeal, unless it shall be made to appear to the court, upon the rule to show cause, in pursuance of Sec. 1020, to the satisfaction of the court, that the poor person's affidavit is frivolous or untrue, or the appeal is malicious or without merit. In that case the court is authorized to dismiss the appeal.

Sec. 1016, referred to in the opinion of the court, relates to commencing suits in the district court, and does not appear to apply to appeals.

For these reasons I dissent from the opinion of the court.