(September 7, 1900.)

## WILSON v. BARTLETT.

[62 Pac. 415.]

APPEAL—COUNTY SEAT REMOVAL.—An appeal will lie from an order made by the district court ordering an election to determine whether a county seat shall be removed.

UNDERTAKING ON APPEAL—DISMISSAL OF APPEAL.—An undertaking on appeal which is executed and filed prior to the service of notice of appeal is insufficient, does not perfect the appeal, and in such case the appeal will be dismissed on motion.

(Syllabus by the court.)

APPEAL from District Court, Fremont County.

Caleb Jones and Richards & Varian, for Appellant, cite no authorities upon the point decided.

Dietrich, Chalmers & Stevens, for Respondents.

The right to appeal is the creature of a statute. (*Rupert v. Board*, 2 Idaho, 20, 2 Pac. 21; *Van Camp v. Board*, 2 Idaho, 33, 2 Pac. 721; *Custer Min. Co. v. Van Camp*, 2 Idaho, 44, 3 Pac. 22.) For illustration of decisions of district courts held not to be appealable, see *Jones v. Quayle*, 3 Idaho, 640, 32 Pac. 1134; *Wyatt v. Wyatt*, 2 Idaho, 219, 10 Pac. 228; *Sweeny v. Mayhew*, 6 Idaho, 455, 56 Pac. 85. No undertaking has been given, executed or filed, and no deposit made and no waiver of undertaking entered into or executed as required by section 4808 of the Revised Statutes of Idaho. The pretended undertaking on appeal herein was filed in the lower court two days before the service of the notice of appeal herein, and was, and is, therefore, in effect no undertaking at all, and conferred upon this court no jurisdiction of said cause. (*Clark v. Lowenberg*, 1 Idaho, 654; *People v. Hunt*, 1 Idaho, 371; *Little v. Jacks*, 68 Cal. 343, 8 Pac. 856, 11 Pac. 128; *Iverson v. Jones* (Cal.), 5 Pac. 626; *Laurendeau v. Fugelli*, 16 Wash. 367, 47

Pac. 759; *Alvord v. McGauhy* (1878), 4 Colo. 97; *Cody v. Filley,* 4 Colo. 342; *Brown v. Hanley,* 3 Idaho, 219, 28 Pac. 425; *Hines v. Carl,* 22 Mont. 501, 57 Pac. 88.)

QUARLES, J.—This is an appeal from an order made by the district court of the fifth judicial district ordering an election to determine whether the county seat of Fremont county should be removed from St. Anthony to the town of Rexburg. The respondent moves to dismiss the appeal upon two grounds, to wit: 1. Because an appeal will not lie from such order; 2. Because the undertaking upon appeal herein was executed and filed prior to the taking of the appeal.

The first ground for dismissing the appeal is not well taken. By our statute of appeal (Rev. Stats. sec. 4807), which was in force at the time of the adoption of our constitution, and by the constitution continued in force, it is provided that an appeal may be taken from the district court to the supreme court from a final judgment in an action or special proceeding. This rule is in harmony with the provisions of section 9, article 5, of our constitution. The proceeding which culminated in the judgment or order in question is undoubtedly a special proceeding. Said order or judgment (the terms are interchangeable) was final, and completely determined the issues before the court. But it is contended by the respondent that, by the terms of section 111 of our election statute (Acts 1899, p. 59), the action of the district court is final, and no appeal will lie therefrom. Said section 111 is as follows: "All cases of contest arising upon said petitions or affidavits shall have precedence over all other cases at said term of said court and shall be heard and determined at said term, and the decision of the court shall be final." We must construe this statute so as to harmonize it with section 4807, *supra,* and with the constitution, if possible. We find no difficulty here, as it is evident to our minds that by said section 111, *supra,* the legislature did not intend to attempt to take away the right of appeal in proceedings of this kind, and that by the language "the decision of the court shall be final" it was intended to indicate that such decision was, in harmony with section 4807 of the Revised

Statutes, and amendments thereto, appealable. We must therefore deny the motion to dismiss upon the first ground.

We think the second ground of the motion to dismiss well taken. The record before us shows that the notice of appeal was served on July 18, 1900, while the undertaking on appeal was filed July 16, 1900. The undertaking on appeal must be filed after the notice of appeal is served upon the adverse party and filed with the clerk. (See Rev. Stats., sec. 4808.) The undertaking before us was executed before the appeal was taken, and did not perfect the appeal, for which reason the appeal was ineffectual, and the appeal must therefore be dismissed. Costs awarded to respondents.

Huston, C. J., and Sullivan, J., concur.