(August 30, 1923.)

WILLIAM A. HEALY and FRANK S. HEALY, Co-partners Doing Business at Portland, Oregon, Under the Firm Name and Style of HEALY BROTHERS, Respondents, v. ROBERT F. TAYLOR, Doing Business at Nampa, Idaho, Under the Firm Name and Style of GOLDEN RULE STORE, Appellant.

[218 Pac. 190.]

APPEAL AND ERROR—UNDERTAKING ON APPEAL—WHEN APPEAL WILL BE DISMISSED.

If the undertaking on appeal is filed before the notice of appeal is served, the appeal is not effectual for any purpose, and it must be dismissed.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Bertram S. Varian, Judge.

Respondents move to dismiss appeal. *Motion granted.*

G. W. Lamson and Rhodes & Partridge, for Respondents.

"An undertaking on appeal filed before the service of notice of appeal is insufficient and does not perfect the appeal and in such case the appeal will be dismissed on motion." (*Wilson v. Bartlett,* 7 Ida. 269, 62 Pac. 415; *Clark v. Lowenberg,* 1 Ida. 654; *People v. Hunt,* 1 Ida. 371; *Little v. Jacks,* 68 Cal. 343, 8 Pac. 856, 9 Pac. 264, 11 Pac. 128; *Iverson v. Jones,* 2 Cal. Unrep. 437, 5 Pac. 626; *Laurendeau v. Fugilli,* 16 Wash. 367, 47 Pac. 759; *Hines v. Darl,* 22 Mont. 507, 57 Pac. 88.)

F. W. Byrd, for Appellant.

C. S., sec. 7154, when considered in connection with sec. 7153, provides the way to avoid questions of this kind from interrupting the court after the entire record, at great expense, has been procured and submitted. This view is sup-

ported by *Zienke v. Northern Pac. Ry. Co.*, 7 Ida. 746, 65 Pac. 431, and the same case eliminates any possibility of a contention that there was no undertaking at all, and if it was in fact an undertaking respondent has waived all objection thereto. (*King v. Seebeck*, 20 Ida. 228, 118 Pac. 292.)

. WILLIAM A. LEE, J.—Respondents move to dismiss the appeal in this cause on the ground that an undertaking on appeal was not given as required by C. S., sec. 7153. It is conceded that the only undertaking given was executed on December 30, 1922, and that the notice of appeal was served on respondents on February 16, 1923, and filed on February 20, 1923. C. S., sec. 7153, provides that an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose unless, within five days after services of the notice of appeal an undertaking be filed or a deposit of money be made with the clerk, or the undertaking be waived by the adverse party in writing. In the instant case, a deposit of money was not made, nor was the undertaking waived by the adverse party. The only question presented by the record is whether or not the undertaking filed some fifty-two days before the notice of appeal was served and filed with the clerk is a sufficient compliance with this provision of the statute.

In *Clark v. Lowenberg*, 1 Ida. 654, this section of the statute, which was then section 438 of the Civil Practice Act of the Eighth Territorial Session, was first construed, and the court said:

"If the undertaking on appeal is filed before the notice of appeal is served, the appeal is not effectual for any purpose, and it must be dismissed."

Again, in *Wilson v. Bartlett*, 7 Ida. 269, 62 Pac. 415, this court construed Rev. Stats., sec. 4808, which is now C. S., sec. 7153, and held that "an undertaking on appeal which is

executed and filed prior to the service of notice of appeal is insufficient, does not perfect the appeal, and in such case the appeal will be dismissed on motion.''

This construction of C. S., sec. 7153, was adopted in 1877 by the territorial court. It has since been followed by the state court and is supported by numerous decisions from other states having a like provision; and the meaning given is consistent with the language of the section. It is a familiar rule of law that where a statute has for a long time been given a fixed, definite meaning, courts will not change the same except for the most compelling reasons, although a different construction might have been adopted to avoid a hardship were it a question of first instance. We do not think we should overrule these decisions and change the meaning that has been given to this provision of the statute and hold that an undertaking given long prior to the filing and service of the notice of appeal is in compliance with its requirements.

The appeal is therefore dismissed, with costs to respondents.

Budge, C. J., and McCarthy and Dunn, JJ., concur.