Points Decided.

(No. 5003.    March 23, 1928.)

PEOPLE'S SAVINGS & TRUST COMPANY OF PITTS-
BURGH, a Corporation, Trustee, Respondent, v. ROB-
ERT RAYL, NORA RAYL and W. R. BROOKS,
Appellants.

[265 Pac. 703.]

APPEAL AND ERROR — FILING OF APPEAL BOND — TIME — SERVICE OF
NOTICE OF APPEAL—ADVERSE PARTIES.

1.  Filing appeal bond on date of service of notice of appeal
by mail, which was two days before acceptance of service was
indorsed thereon, *held* not premature in proper case for service
by mail, since, under C. S., sec. 7199, service of notice was
complete when notice with copy thereof was deposited in mail.

2.  On motion to dismiss appeal on ground that appeal bond
was prematurely filed, court may consider affidavit showing
service of notice of appeal by mail on date of filing appeal
bond.

3.  Filing of appeal bond required by C. S., sec. 7153, within
five days after notice of appeal, prior to service of notice of
appeal, vitiates appeal, though bond remains on file at all
times thereafter, in view of sec. 7154, authorizing exception
within twenty days after filing of undertaking in case it is
insufficient.

4.  Service of notice of appeal need only be made on "ad-
verse parties," and an adverse party is one who would be preju-
dicially affected by a modification or reversal of judgment ap-
pealed from.

5.  Where defendants filed appeal bond on date of proper
service of notice of appeal on plaintiffs by mail, subsequent ser-
vice of notice of appeal on defendant who was not an adverse
party *held* not to vitiate filing of the bond, since appeal was
perfected in so far as service of notice was concerned when
service was had on plaintiff who was only adverse party thereto.

Publisher's Note.

1.  See 20 R. C. L. 356.

4.  Parties entitled to notice of appeal, see notes in 13 Am. St.
181; 21 Ann. Cas. 1277.  See, also, 2 R. C. L. 109.

5.  See 2 R. C. L. 113.

Appeal and Error, 3 C. J., sec. 1256, p. 1184, n. 18, p. 1185,
n. 22; sec. 1320, p. 1218, n. 9; 4 C. J., sec. 2420, p. 599, n. 98.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Hugh A. Baker, Judge.

Action to foreclose mortgage. Judgment for plaintiff. Motion to dismiss defendants' appeal. *Denied.*

Richards & Haga, for Respondent.

C. S., sec. 7153, provides that an appeal is taken by filing notice of appeal with the clerk and serving a similar notice on the adverse party or his attorney. The section continues: "The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereafter provided, or the undertaking be waived by the adverse party in writing." The first case construing the section is *Clark v. Lowenberg,* 1 Ida. 654:

"The undertaking in this appeal was filed too soon. The statute does not permit the undertaking to be filed until after the service of the notice; and therefore until such service, there is nothing for the undertaking to operate on. It has no office or function to perform. The case stands therefore as if no undertaking had been given, and there was no appeal perfected." (*Shissler v. Crooks,* 1 Ida. 369; *People v. Hunt,* 1 Ida. 371; *Wilson v. Bartlett,* 7 Ida. 269, 62 Pac. 415; *Healy v. Taylor,* 37 Ida. 749, 218 Pac. 190; *Brown v. Green,* 65 Cal. 221, 3 Pac. 811.)

Turner K. Hackman, for Appellants.

"In *Zienke v. Northern Pacific Ry. Co.,* 7 Ida. 746, 65 Pac. 431, it was held that an undertaking on appeal is not executed until filed with the clerk, and is sufficient where it is shown that the undertaking was filed simultaneously with the notice of appeal, although it appears to have been signed upon a date previous thereto, but after the order appealed from had been made and entered. This ground

of motion to dismiss the appeal is without merit." (*Robinson v. St. Maries Lumber Co.,* 32 Ida. 651, 186 Pac. 923.)

This court has also held that where the undertaking on appeal was filed five minutes before the notice of appeal, according to the filing marks of the instruments, and where the clerk certified that the undertaking "did in fact follow the notice of appeal," that the appeal should not be dismissed. (*Mathers v. Mathers,* 42 Ida. 821, 248 Pac. 468.)

This court has also held that where the certificate of the clerk showed that a deposit was made with him on the same day upon which notice of appeal was filed such deposit being in lieu of an undertaking on appeal, the case was not subject to dismissal. (*Bohannen Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12.)

BRINCK, Commissioner.—In an action to foreclose a mortgage upon real estate, the mortgagors, Robert Rayl and Nora Rayl, were made parties defendant; and under an allegation that one W. R. Brooks claimed an interest in the mortgaged premises, which interest was alleged to be subject and subsequent to plaintiff's lien, said Brooks was also made a party defendant. Defendant Brooks was served with summons but did not appear and suffered default. The defendants Rayl answered the complaint, and filed a cross-complaint against plaintiff to which Brooks was not made a party, and which was answered by plaintiff; and upon issues so made trial was had, resulting in a judgment foreclosing the mortgage for the full amount claimed by plaintiff. The defendants Rayl appeal from the judgment.

Motion is made to dismiss the appeal upon the ground that the undertaking on appeal was prematurely filed. The undertaking was filed on February 7, 1927, on which day notice of appeal and copy thereof were mailed by counsel for appellants to counsel for plaintiff, who on February 9th indorsed their written acceptance of service on the notice and returned it to counsel for appellants. Thereafter, on February 12th, the notice of appeal was served upon the

personal representative of defendant Brooks, and upon February 15th was filed with the clerk.

[1, 2] Regardless of the acceptance of service of the notice of appeal by plaintiff on February 9th, it was a proper case for service by mail, and such service being properly made, the service of the notice on plaintiff was complete on February 7th, when the notice, with copy thereof, was deposited in the mail. (C. S., sec. 7199.) The transcript shows only the acceptance of the service on February 9th. The service by mail upon February 7th is shown by affidavit upon this hearing; and such showing in this court may properly be considered upon motion to dismiss. (*Farmers & Miners' State Bank v. Probst*, 76 Mont. 284, 246 Pac. 249; *Sutter v. Tisdale*, 128 Cal. 180, 60 Pac. 757; *Garrett v. Garrett*, 31 Cal. App. 173, 159 Pac. 1050; 2 Cal. Jur. 355, 356.) The only question, therefore, is whether by reason of the failure to serve defendant Brooks on or prior to February 7th the filing of the bond on that day was premature.

[3] C. S., sec. 7153, provides that an appeal is ineffectual for any purpose unless, within five days after service of notice of appeal, an undertaking be filed or a deposit of money made with the clerk as thereinafter provided, unless such undertaking be waived in writing. The holding that the filing of such bond after the judgment appealed from has been rendered, but prior to the service of the notice of appeal, vitiates the appeal, though such bond remains on file at all times thereafter, is a harsh one; but such rule has been established in this state by various decisions beginning with *Clark v. Lowenberg*, 1 Ida. 654, under a statute similar to C. S., sec. 7153. Prior to that decision it had been held in *People v. Hunt*, 1 Ida. 371, under a statute providing that an undertaking must be filed within five days after the filing of the notice of appeal, that an undertaking filed prior to the filing of the notice of appeal was prematurely filed, and of no effect. In *Healy v. Taylor*, 37 Ida. 749, 218 Pac. 190, the decisions on this point were reviewed, and it was held that the statute having for a long time been given

a fixed, definite meaning, the former decisions should not be overruled to hold that an undertaking given long prior to the filing and service of the notice of appeal was sufficient. Nor is the rule without reason when considered in connection with C. S., sec. 7154, providing that if any undertaking be insufficient, the respondent may except to the same within twenty days after the filing of the undertaking. It is pointed out in *Buffendeau v. Edmondson*, 24 Cal. 94, that because a similar statute gave respondent a fixed period after the filing of an undertaking to except to the sureties, the service of notice of appeal must be made at or before the time of filing the undertaking; otherwise, respondent's time to except to the sureties would be shortened, or entirely wiped out.

[4, 5] It is apparent, however, that in this case the defendant Brooks was not a necessary party to the appeal. It is well settled by our decisions that service of notice of appeal need only be made upon adverse parties, and that an adverse party is one who would be prejudicially affected by a modification or reversal of the judgment appealed from. Among these decisions are: *Lind v. Lambert*, 40 Ida. 569, 236 Pac. 121; *Bannock Nat. Bank v. Automobile Accessories Co.*, 36 Ida. 527, 212 Pac. 864; *Nelson Bennett Co. v. Twin Falls L. & W. Co.*, 13 Ida. 767, 13 Ann. Cas. 172, 92 Pac. 980. Plaintiff having recovered judgment for the full amount of its claim, and the plaintiff's lien on the mortgaged premises being declared superior to any interest of the defendant Brooks, there could be no modification of the decree which could be detrimental to the interest, if any, of Brooks. (*Boob v. Hall*, 107 Cal. 160, 40 Pac. 117.) Such interest as he has would appear to be common with that of the appellant in seeking a reversal. (*Blackman v. Harry* (Tex. Civ. App.), 35 S. W. 290.) The appeal was therefore perfected, in so far as the service of notice is concerned, when service was had upon the plaintiff; and a later and unneccessary service of it upon Brooks could not vitiate the filing of the bond, which was effective, if the plaintiff is the only adverse party upon the appeal.

It is therefore unnecessary to determine the question raised as to the proper time for filing an undertaking on appeal when there are several adverse parties served with notice of appeal upon different dates.

I recommend that the motion to dismiss the appeal be denied.

The foregoing is approved as the opinion of the court and the motion to dismiss the appeal is denied.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.