(No. 5847.   July 27, 1932.)

JOHN D. ISAAK, Respondent, v. G. A. JOURNEY, Appellant.

[13 Pac. (2d) 247.]

Peterson & Clark, for Appellant.

A. Humphrey, for Respondent.

VARIAN, J.—A money judgment was entered on jury verdict in the district court against appellant Journey on December 2, 1931. Counsel for plaintiff resides at American Falls and counsel for defendant (appellant) at Pocatello, between which points there is a daily mail service. On December 3, 1931, appellant deposited, with the clerk, an undertaking on appeal, which was indorsed filed on that date, and on the same date his counsel deposited, in the postoffice at Pocatello, notice of appeal, addressed to respondent's counsel at American Falls. The notice was received by counsel for respondent, and the original filed December 4, 1931, and on December 5, 1931, affidavit of service of said notice was filed. At the request of counsel for appellant, made by telephone December 4, 1931, a deputy clerk indorsed on said undertaking, "Filed December 4th, 1931, H. C. Allen, Clerk, by Frances Hautzinger, Deputy." Thereafter, on December 21, 1931, a new notice of appeal, and a praecipe, were received by the clerk with directions to file the same and a request that said undertaking be restamped, "Filed December 21st, 1931," which was done. There was no attempt at service of the last notice filed December 21, 1931, nor was there any application to the court, or order granting leave to refile the undertaking on either December 4, or December 21, 1931.

Interpreting the above situation to indicate that two appeals are being prosecuted from the same judgment, respondent, on March 2, 1932, moved that appellant be required to elect as to which appeal he would stand upon, which motion was denied by the court, without opinion, April 6, 1932. Thereafter, on May 3, 1932, the present motion to dismiss both appeals was filed herein.

Briefly stated, the motion principally is urged upon the following grounds: As to the notice dated December 3, 1931, (a) the undertaking was prematurely filed, the clerk being without authority to refile it the following day; (b) that there is no certificate of the attorneys, or clerk of the district court "that an undertaking on appeal in due form has been properly filed"; (c) that no praecipe was filed "with, or in any way relating to said notice of appeal" served by mail on December 3, 1931; (d) and that the notice of appeal filed December 21, 1931, was ineffectual because not served on respondent or his attorney; concluding therefrom that this court never obtained jurisdiction of any appeal in this case. Respondent further moves to strike from the record the notice of appeal and praecipe filed on December 21, 1931, for the reason that it is a second appeal; (2) that the notice was not served as aforesaid; (3) that an undertaking was not filed within five days after said notice of appeal was filed; (4) that there is no proper clerk's certificate, etc.

Under C. S., sec. 7153, an appeal is ineffectual for any purpose unless, within five days after service of the notice of appeal, an undertaking be filed or deposit of money made with the clerk as thereinafter provided, unless such undertaking be waived in writing. In construing this section, this court has adhered to the rule that where an undertaking is filed before notice of appeal is served the appeal is ineffectual and must be dismissed. (*Clark v. Lowenberg,* 1 Ida. 654; *Wilson v. Bartlett,* 7 Ida. 269, 62 Pac. 415; *Healy v. Taylor,* 37 Ida. 749, 218 Pac. 190; *People's Savings & Trust Co. v. Rayl,* 45 Ida. 776, 265 Pac. 703.)

Where, as here, the person making the service resides in a different place from the one upon whom service is made, and there is regular communication by mail, the notice of appeal may be served by mail. (C. S., secs. 7199 and 7200; *People's Savings & Trust Co. v. Rayl, supra.*) And where the undertaking is filed simultaneously with the notice of appeal, on the same day, the appeal is perfected. (*Zienke v. Northern Pac. Ry. Co.,* 7 Ida. 746, 65

Pac. 431; *Robinson v. St. Maries Lbr. Co.*, 32 Ida. 651, 186
Pac. 923; see *Mathers v. Mathers*, 42 Ida. 821, 248 Pac.
468.) In the case at bar the notice of appeal filed De-
cember 4, 1931, was mailed to respondent's attorney from
Pocatello, December 3, 1931, and was therefore "served" on
said last-named date. C. S., secs. 7199 and 7201, as amended
Sess. Laws 1929, chap. 86, p. 140 (said last section providing
that service is complete at time of deposit in the mail).
(*People's Savings & Trust Co. v. Rayl, supra.*) The under-
taking being filed, and the *service* of the notice of appeal
occurring on the same day, the appeal was perfected on that
date conformably to the requirements of C. S., sec. 7153,
and the filing of the undertaking was not premature.
(*People's Savings & Trust Co. v. Rayl, supra.*) The at-
tempted refilings of the undertaking on appeal, on December
4 and December 21, 1931, being without authority of the
court, and not authorized by statute, were ineffectual for
any purpose. (See *Hawthorn v. City of East Portland*, 12
Or. 210, 6 Pac. 685.) The second notice of appeal, filed
on said last-named date, was likewise ineffectual since it
was not served upon respondent or his counsel. (C. S., sec.
7153; *Richardson v. Banbury*, 39 Ida. 1, 225 Pac. 1023;
*Bain v. Tolley*, 39 Ida. 174, 226 Pac. 1069.)

The clerk certified "that a good and sufficient under-
taking on appeal from the judgment made and entered
herein was made and executed on the 2nd day of December,
1931, and filed herein on the 3rd day of December, 1931, the
4th day of December, 1931, and on the 21st day of Decem-
ber, 1931." As above stated the attempted refilings (on
December 4 and December 21, 1931) of the undertaking
were ineffectual and therefore may be treated as surplusage.
While the certificate is not in the exact language of the
statute ("an undertaking on appeal in due form has been
properly filed"), it is deemed sufficient. It was "properly
filed" on December 3, 1931, and respondent in no way
prejudiced.

C. S., sec. 7166, provides that appellant shall,
within five days from the date of the filing of the notice of

appeal, file a praecipe for a transcript of all papers he desires to use on the appeal. This requirement of the statute has been held to be directory and not mandatory. (*Bohannon Dredging Co. v. England,* 30 Ida. 721, 726, 168 Pac. 12; *Clear Lake Power etc. Co. v. Chriswell,* 31 Ida. 339, 343, 173 Pac. 326.) But the time of the filing of the praecipe may be considered in determining the question of diligence in prosecuting the appeal. In the instant matter no question of diligence is raised, the proceedings on appeal having been promptly initiated and diligently prosecuted. The praecipe was filed seventeen instead of five days after filing of the notice of appeal, has been acted upon by the clerk, and the transcript was completed and filed in this court on April 4, 1932, all without any resulting prejudice to respondent being shown. We conclude that the delay in filing the praecipe is not ground for dismissing the appeal, and that it may properly be considered in connection with the notice of appeal filed December 4, 1931.

■ As to respondent's contention that two appeals are pending, which is urged as ground for dismissal of each, we think the second should be dismissed. "If a valid appeal is in existence when the second is taken and remains effective so that at the time a motion to dismiss is presented there are two identical appeals before the court, of course the second confers no benefit on appellant nor jurisdiction on the court not already possessed under the first, . . . . " And if it further appears that the first appeal, valid when the second is taken, was not thereafter abandoned or allowed to lapse, the second appeal should be dismissed. (*Sharp v. Brown,* 37 Ida. 582, 586, 217 Pac. 593.)

The motion to strike the praecipe is denied; the motion to strike the notice of appeal filed December 21, 1931, and dismiss the "second" appeal based thereon, is granted; and the motion to dismiss the appeal grounded upon the notice served December 3, 1931, is denied.

Lee, C. J., and Budge, Givens and Leeper, JJ., concur.