(No. 5979. February 21, 1933.)

JAMES R. BOTHWELL, Appellant, v. JOS. KEEFER, J. A. KEEFER and DONALD MacKAY, Trustees of the FILER LIVESTOCK COMPANY, INC., a Corporation, Defendants, and FEDERAL RESERVE BANK OF SAN FRANCISCO, CALIFORNIA, a Corporation, Intervenor and Respondent.

[20 Pac. (2d) 199.]

Vaughn A. Price and Ray Agee, for Appellant.

Merrill & Merrill, for Respondent.

GIVENS, J.—Judgment was entered herein August 19, 1932. November 17, 1932, the ninetieth day thereafter, attorneys for appellant mailed a copy of the notice of appeal from Twin Falls to attorneys for respondent residing at Pocatello, received the following day.

Respondent moves to dismiss the appeal because, first, the notice of appeal was not served within the statutory time; second, there was no service of any undertaking on appeal made upon said respondent or its attorneys; third, that the undertaking was void, as not being executed by a corporation having the right to transact business in Idaho, that no resident agent had countersigned the undertaking, and that the undertaking was not given for the protection of respondent.

Service of the notice of appeal by mail is proper (*Mendini v. Milner*, 47 Ida. 322, 276 Pac. 35; *Isaak v. Journey, ante*, p. 274, 13 Pac. (2d) 247), and such service is complete when the notice is deposited in the mail. (*People's Sav. & Trust Co. v. Rayl*, 45 Ida. 776, 265 Pac. 703; *Isaak v. Journey, supra.*) Hence the service of the notice was sufficient.

Sections 11–202 and 11–203, I. C. A., do not require that the undertaking on appeal be served on the adverse party; hence failure to do so is not ground for dismissal.

In the body of the undertaking, the name of the surety appears as the "Great American Indemnity Company," which was correct. However, the undertaking was signed "Great Indemnity Company of America." The "Great American Indemnity Company of New York" is authorized to transact business in Idaho, and the "Great Indemnity Company of America" is not.

However, the corporate seal affixed to the bond designated the company as "Great American Indemnity Company," which indicates that the misnomer at the bottom of the bond was a mere clerical error, and as such is not ground for dismissal. (3 C. J., p. 1150, sec. 1216, note 28.)

The undertaking was signed "Great Indemnity Company of America By John B. Robertson Attorney in fact." At the time of signing the same, he had a power of attorney authorizing him to sign the bond, and was the duly authorized and licensed agent of the "Great American Indemnity Company of New York" as provided by sec. 40-901, I. C. A., shown by the certificate of the director of insurance of the state of Idaho. This was sufficient. (*Snyder v. Raymond,* 48 Ida. 810, 285 Pac. 478.)

Respondent does not contend that Robertson was not attorney-in-fact and authorized agent of the "Great American Indemnity Company," but maintains that the "Great Indemnity Company of America" had no resident agent authorized to sign such undertaking.

However, January 25, 1933, before the hearing of the motion to dismiss, appellant forwarded a good and sufficient undertaking under the provisions of sec. 11-217, I. C. A., to the clerk of the supreme court for approval by a justice thereof. Such undertaking was approved and filed before the hearing, thus legitimately correcting a defective, and not a void bond.

The last objection is that the surety obligated itself to the said "plaintiff" (appellant) and that thereby the bond is void, as not securing respondent. It has been held by this court that the bond is good even though the name of the obligee does not appear therein. (*Van Sicklin v. Mayfield Land & Livestock Co.,* 41 Ida. 673, 241 Pac. 1022. See, also, *Burger v. Sinclair,* 24 N. D. 315, 140 N. W. 231.)

The bond herein provided that the surety "does hereby obligate itself under such statutory obligations in the sum of $300." Thus it was a statutory bond, and the surety could not have avoided payment thereof to the party adverse to appellant in case of damages and costs awarded against him on appeal or on a dismissal thereof. (Sec. 11-203, I. C. A.)

The undertaking in question was defective only, and not void, and since there was no objection made within twenty

days after its filing, such defects were waived. (Sec. 11–203, I. C. A., and cases annotated thereunder.)

Motion to dismiss denied.

Budge, C. J., and Morgan and Holden, JJ., concur.