[L. A. No. 14061. In Bank.—June 22, 1933.]

AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Mathes & Sheppard, Robert A. Cushman and Gene G. Curry for Petitioner.

Everett W. Mattoon, County Counsel, J. F. Moroney, Deputy County , Counsel, Burke, Hickson & Burke and Daniel G. Marshall for Respondents.

PRESTON, J.—Action in mandate directed against the appellate department of the Superior Court of the County of Los Angeles to compel it to reinstate on its docket the appeal of defendant in a case begun in the municipal court of said county styled "*Myron W. Goble, plaintiff and respondent, vs. American Surety Company of New York, a corporation, defendant and appellant*", said superior court having entered an order purporting to dismiss the appeal for want of jurisdiction thereof.

█ The petition correctly states the question of law involved as follows: "Is the superior court without jurisdiction of an appeal from the municipal court merely because the undertaking on appeal is filed prior to the filing of a notice of appeal, where the undertaking was filed subsequent to the entry of judgment·in the municipal court and thereafter, and within the time allowed by law, a notice of appeal was filed?"

Plaintiff, in the trial court, sued defendant for breach of contract and obtained a money judgment in the sum of $2,000. This judgment was entered on July 5, 1932. Defendant, pursuant to due notice, brought on for hearing his motion for new trial, which motion was denied on August 29, 1932. On September 10, 1932, the formal notice of appeal from the judgment was filed. All these steps were admittedly taken in due time. However, the undertaking on appeal required by sections 985 and 986 of the Code of Civil Procedure was actually on file on August 2, 1932, was still on file on September 10th thereafter and has continuously remained a record in said court. Respondent court, upon this showing, refused jurisdiction of the appeal because of failure to lodge the said undertaking with the court subsequent to and within five days after the filing of the notice of appeal.

The undertaking, however, correctly recites the date of rendition of judgment, the amount thereof, the parties to

the action; also that an appeal has been taken; that a stay of execution is desired and it covenants that the surety is bound in double the amount of the judgment, if the appeal is dismissed or the judgment affirmed, to pay said judgment, together with damages and costs, and authorizes a summary judgment after thirty days from such termination of the action.

The statute in question, section 986 of the Code of Civil Procedure, contains the following language: "The undertaking on appeal must be filed within five days after the filing of the notice on appeal, and the notice of the filing of the undertaking must be given to the respondent. The adverse party may except to the sufficiency of the sureties within five days after the notice of the filing of the undertaking. . . . " This section and sections 983 to 987, inclusive, pertain to appeals from the municipal courts. They are modeled after sections 974 to 979, inclusive, of the Code of Civil Procedure, relating to appeals from the justices' courts.

Respondent contends that this law not only fixes the point of time beyond which an undertaking may not be filed, but also fixes the period when the right to file such instrument first accrues. We agree only with the first part of this contention. After the right of appeal accrues we see no efficacy in limiting the mere order in which the notice of appeal and undertaking may be filed. The reasons which may have prompted a different holding under other statutes are not present here. The notice of appeal need not be served, but the notice of filing the undertaking must be served on respondent, and his duty to inspect it and his right to except thereto do not arise until such notice is received. This fact renders it immaterial whether the one filing precedes the other so long as both papers are filed after the right of appeal has accrued and within the period prescribed by law. The five-day period after the notice of appeal is filed is simply an enlargement of the period for the filing of the undertaking but it does not forbid the filing of such undertaking at an earlier period after judgment.

We do not regard the cases of *Buckholder* v. *Byers,* 10 Cal. 481, *Dooling* v. *Moore,* 19 Cal. 81, and *Carpentier* v. *Williamson,* 24 Cal. 609, as binding upon us, for they arose under the Practice Act, enacted in 1851, which required a service of the notice of appeal but did not require a notice

of the filing of the undertaking; hence for the protection of the respondent it was proper to declare a definite time within which he might expect the undertaking to be filed and thus bring into being the right to except to the sufficiency thereof. Practically the same observation may be made as to the cases of *Hewes* v. *Carville Mfg. Co.,* 62 Cal. 516, and *Little* v. *Jacks,* 68 Cal. 343 [8 Pac. 856, 9 Pac. 264, 11 Pac. 128], arising under section 940 et seq. of the Code of Civil Procedure, enacted in 1872 and as amended in 1874. Here, as already observed, we have a statute which does not require a service of the notice of appeal but does require service of notice of the filing of the undertaking and the time for the respondent to except to the sufficiency thereof does not begin to run until such notice is received. No possible injury could come to respondent by holding the order of filing to be immaterial so long as the right of appeal has accrued.

From the above holding it follows that we necessarily disapprove of the holding in the case of *Goodman* v. *Superior Court,* 19 Cal. App. 457 [126 Pac. 185]. However, we regard the case of *Rigby* v. *Superior Court,* 162 Cal. 334 [122 Pac. 958], as clearly paving the way for the holding we here make. There the court reviewed sections 974 to 979 of the Code of Civil Procedure, relating to appeals from justices' to superior courts, and pointed out that prior to 1909 the appellant was required to serve and file his notice of appeal within thirty days after rendition of the judgment and that the appeal was ineffectual for any purpose unless an undertaking was filed pursuant to section 978; further, that as the law did not specifically provide when the undertaking should be filed, it was thus inferred from the provisions as a whole that the undertaking must be filed within the period fixed for the taking of the appeal, but the order of filing of the notice of appeal and the undertaking was immaterial so long as both occurred within the thirty-day limit. The court then considered the amendment of 1909, creating a new section, 978a, which was similar in its language to the statute we have before us. The court thereupon reasoned that the new section was designed to enlarge the time for the filing of notice of the undertaking and that, in an extreme case, the undertaking could be filed as late as five days after the thirty-day period had elapsed. This holding is not adverse to the one here announced but,

on the contrary, we regard the conclusion we have reached as the logical outcome of the principles there declared. If it was immaterial which filing preceded the other during the thirty-day period, it was still immaterial after the time for filing the undertaking had been enlarged over the additional five-day period. In other words, the statute there fixed the period beyond which the undertaking could not be filed, but it did not declare when such period began or the order in which the notice of appeal and undertaking must be filed.

The existence of a judgment and the right of appeal therefrom furnish sufficient consideration for the undertaking even though the undertaking precedes the filing of the notice of appeal. (*Clarke* v. *Mohr*, 125 Cal. 540 [58 Pac. 176].) And were this not so, the presence of the undertaking in proper form at the time of the filing of the notice of appeal, would furnish a proper consideration for the undertaking.

The conclusion we have reached is in harmony with the rule announced for the construction of similar provisions in the following cases: *French* v. *Powell*, 135 Cal. 636 [68 Pac. 92]; *Hub Hdw. Co.* v. *Aetna Acc. & L. Co.*, 178 Cal. 264 [173 Pac. 81]; *Williamson* v. *Egan*, 209 Cal. 343 [287 Pac. 503].

Let a peremptory writ of mandate issue as prayed for, directing respondent court to reinstate the appeal in said action.

Curtis, J., Thompson, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.