# FISHER v. BYLUND et al.

No. 6034.   Decided September 13, 1939.   (93 P. 2d 737.)

Rehearing denied November 10, 1939.

*A. Ladru Jensen* and *Elias Hansen,* both of Salt Lake City, for appellant.

*Allen T. Sanford, E. A. Rogers,* and *Sam Bernstein,* all of Salt Lake City, for respondents.

PRATT, Justice.

Thomas L. Fisher owned a bungalow in Bountiful, Utah. He conveyed it to one Apostolis, who in turn conveyed certain property to one Rasmussen, who in turn conveyed certain property in Westminster Heights, Salt Lake County, Utah, to Eric O. Bylund.

Mr. Bylund owned a note and second mortgage executed by his son Leslie, one of the defendants herein, upon property called a dry farm, which the son had purchased from the father. Mr. Fisher would not accept this note and mortgage as his consideration for the transfer of the bungalow. At the request of his father, Leslie Bylund and his wife executed and delivered direct to Mr. Fisher, a new note and a new second mortgage upon the dry farm. This was substituted for the instruments Fisher refused to accept. The father signed the new instruments, though he did not, at the time, have title to the dry farm, nor did he make an acknowledgment of his signature to the second mortgage.

Fisher foreclosed upon the dry farm and bid it in. There was a deficiency. As summons was served upon Leslie Bylund and his wife by publication only, the clerk of the court credited upon the note the amount of Fisher's bid and returned the note to the latter.

The present suit by Fisher against the son and his wife is based upon the balance due on the note. The record and the pleadings are involved and confused. It appears that subsequent to the above recited transactions, Eric O. Bylund conveyed the Westminster Heights property to his son, and the latter conveyed his interest in the dry farm to his father. When plaintiff instituted this suit, he attached the Westminster Heights property. His first complaint was for the balance due on the note only. He amended (?) to include fraud and deceit charged against the Bylunds, and sought a decree declaring them to be trustees for him of said Westminster Heights property on the theory that the consideration with which he had parted—his bungalow—was in effect traceable into the Westminster property.

The Bylunds filed a petition for debtor's relief in the Federal Court, which was held in abeyance to enable the parties to settle their rights in the State Court. Plaintiff, at the beginning of the trial in the state court, again amended his pleadings setting out that the Bylunds, in the Federal Court, claimed a homestead exemption, and alleging that they had no such right. He amended his prayer to include a request that it be adjudicated that they could not declare a homestead as against the indebtedness on this note as it was part of the purchase price of the bungalow with which Fisher had parted.

The only pleadings filed by the defendants consist of a general denial, coupled with some admissions, of the allegations of plaintiff's complaint as first amended. After the second amendment, the defendants made no further answer; but for some reason which does not appear in the record, the plaintiff filed an unverified reply to an amended answer. In none of their pleadings before this court, do defendants

set up a claim to a homestead exemption. Thus the issue (?) upon this point is one found solely within the plaintiff's pleadings.

The lower court found in favor of the plaintiff upon the note and against him upon the fraud and the homestead right. Plaintiff appealed this case.

Defendants have moved to dismiss the appeal. The record as to this shows the following: Judgment was entered December 21, 1937. On February 19, 1938, an appeal bond was filed. Notice of appeal was served March 5, 1938, and filed March 10, 1938. On March 10, defendants filed an exception to the sureties and to the form and sufficiency of said appeal bond, requiring that the sureties justify. This matter was heard March 15. On the same day a new bond was filed by plaintiff. This filing was late so far as the service of notice of appeal is concerned. Section 104-41-6, R. S. U. 1933. According to the minute entry of March 15, the bond filed that day was approved and the plaintiff was permitted to withdraw the bond filed February 19, 1938. The clerk's certificate to the transcript recites that the bond on appeal was filed March 15, 1938, and was approved by the court that day. The record is silent as to what was covered by the objection to the "form and sufficiency" of the February bond. Nothing is disclosed as to why the later bond was permitted and the withdrawal of the former authorized. For all we know, this question of premature filing may have been passed upon.

The authorities are divided upon the question of the sufficiency of a premature filing of a bond upon appeal. 4 C. J. S., Appeal and Error, p. 1028, § 565 subd. c. A difference in statutes accounts for some of the decisions. It is our opinion that under our statutes a filing before service of notice of appeal, is a nullity. Under our Code, no notice of filing an undertaking is required, thus, unless a definite time is fixed for that filing, respondent may lose his right to except to the sureties as permitted by Section 104-41-13, R. S. U. 1933. This section gives him ten

days after filing the undertaking to take his exceptions. This is a substantial right. *Hoyt* v. *Stark*, 134 Cal. 178, 66 P. 223, 86 Am. St. Rep. 246. If we permit a filing of the undertaking before service of notice of appeal, then appellant may defeat respondent's right to except by filing more than ten days prior to service of notice of appeal. Respondent would be lulled into a feeling of safety by reason of a lack of knowledge that an appeal was contemplated. The service of the notice of appeal, however, warns respondent that he must check the record for the filing of the undertaking within five days thereafter. See the discussion in *American Surety Co.* v. *Superior Court of Los Angeles County*, 218 Cal. 377, 23 P. 2d 508; *Isaak* v. *Journey*, 52 Idaho 274, 13 P. 2d 247; *People's Savings & Trust Co. of Pittsburgh* v. *Rayl*, 45 Idaho 776, 265 P. 703; *Healy* v. *Taylor*, 37 Idaho 749, 218 P. 190. An adverse party is not required to watch the record for more than five days to see whether an appeal bond is filed. See *Hoyt* v. *Stark*, supra, cited in *Provo Reservoir Co.* v. *Tanner*, 68 Utah 21, 249 P. 118.

In the present case, the February bond was a nullity. The hearing upon it amounted to nothing. But the parties being present by their counsel at the hearing, must certainly have known what trend those proceedings were taking— toward an approval and filing of a new bond. We do not believe they had the right to sit quietly before that court and tacitly consent to an approval of that bond and its filing out of time, then raise the question here by the present motion.

The filing of the undertaking is not jurisdictional. *Obradovich* v. *Walker Bros. Bankers*, 80 Utah 587, 16 P. 2d 212; *Hoagland* v. *Hoagland*, 18 Utah 304, 54 P. 978. If defendants failed to make this motion for a dismissal, this court could proceed. Why, then, may not the defendants waive their rights to object to the late filing in other ways? We think they may, and they did, by failing to object under the circumstances as they appear in this case. Motion for dismissal of the appeal is denied.

Upon the merits of the case, the briefs of counsel for plaintiff are almost entirely taken up with the questions pertinent to the homestead rights of defendants. As stated above, no such issue is raised by the pleadings. Without such issues in the pleadings, the findings and conclusions of the lower court upon these questions are all nullities. *Shurtleff* v. *Salt Lake City,* 96 Utah 21, 82 P. 2d 561, and cases therein cited. For that reason we express no opinion upon the merits of those questions.

In the lower court's decree we find this:

"3. That the interest of the defendants, Leslie E. Bylund and Delila J. Bylund, in the following described property, to wit: (description of property) is not in any way traceable to any exchange or trade of the properties with the plaintiff. * * *"

Plaintiff cites this paragraph, along with the conclusion of law that supports it, as error. He fails, however, to cite as error the finding of fact which supports both. We have in mind this finding:

"* * * that the said defendants Leslie E. Bylund and Delila J. Bylund had not authorized or directed Eric O. Bylund to make the aforesaid trades and knew nothing about them and said defendants Leslie E. Bylund and Delila J. Bylund did not have any interest in any of said properties. * * *"

The effect of this finding is that, as between Fisher, and Leslie and Delila Bylund, the relationship of vendor and vendees does not exist. This left the son and daughter-in-law in a position of having accommodated Eric O. Bylund by transferring their note and mortgage on the dry farm to Fisher as the new payee. In other words, Fisher accepted as payment—or in exchange, if you wish—a lien upon the dry farm in lieu of any interest he might have claimed in the Westminster Heights property. The situation is the same as if the dealing had been direct between Fisher and Eric O. Bylund, and the latter had given Fisher, as consideration for his Bountiful bungalow, the Leslie-Delila Bylund note and mortgage. By such exchange,

Eric O. Bylund performed his part of the contract of purchase of the Bountiful property, and Fisher accepted that medium of performance. Having exercised his lien upon the dry farm, Fisher now seeks what would have been a deficiency judgment in the dry-farm foreclosure suit, had Leslie and Delila been personally served with summons. It may clarify matters if this thought is kept in mind: The Leslie-Delila Bylund note and mortgage are purchase money obligations upon the dry-farm. This arises out of the purchase of that farm from Eric O. Bylund. But those instruments are not such obligations as to the Bountiful bungalow or its substitute by mesne transfers, the Westminster Heights property.

Thus, under the lower court's finding of fact, there is nothing we can do but uphold the conclusion of law and decree as against the plaintiff's objections.

There is an omission in the lower court's decree which apparently was inadvertently made. Sophia Bylund was sued along with the other defendants for participation in certain alleged frauds. The lower court found the facts and made conclusions of law in her favor, but omitted from its decree, the provision that should have given to her a judgment of no cause of action. This should be corrected.

The lower court's award of a judgment against defendants for the balance due on the note is approved.

Plaintiff attacks the lower court's award of costs to defendants. We are of the opinion that the award was proper. As to Sophia Bylund, the record is not before us, whereby we may judge for whom the witnesses testified. We quote from plaintiff's brief:

"The appeal is on the judgment Roll, except that Plaintiff has brought up for review the evidence touching the value of the dry farm which is involved in this litigation."

The decree and judgment should be modified to afford a space for the insertion of costs allowed.

The case is remanded to the lower court with directions for it to modify its judgment and decree to conform to our statements herein; and as so modified it is approved.

We make no order upon the attachment in view of the fact that the record shows the property attached is subject to the control of the United States District Court for the District of Utah.

Costs to Respondent.

MOFFAT, C. J., LARSON, J., and H. D. HAYES, District Judge, concur.

WOLFE, Justice (concurring in the results).

I concur in the results. I think it unnecessary to determine in this case whether the premature filing of a bond is a nullity. It may well be that the bond could be considered as filed with the notice of appeal, having reposed in readiness for that event and becoming effective as a bond at that time. The respondent would then have his ten days after notice of appeal to object. A check of the record within five days after notice of appeal would of course reveal that a bond had been filed. Under the holding of this decision the respondent could ignore the prematurely filed bond as a nullity and even the bondsmen might defend on that ground if respondent chose to treat it as a good bond. But in this case there was a new bond filed on March 15th. Filing within five days after notice of appeal is not jurisdictional. The circumstances of this case do not call for the employment of our discretionary action to dismiss if a bond is filed late. Some cases may. See *Moser* v. *Lundahl,* 97 Utah 222, 92 P. 2d 340.

I concur in the results of this part of the decision solely on the ground that the appeal should not be dismissed because of the late filing of a second bond which is the appeal bond in this case. I make no committment regarding the validity or nullity of a prematurely filed bond.

On the merits of the case I concur in the conclusions reached on the ground that the Westminster property at the

time of Fisher's transaction with E. O. Bylund belonged to Leslie Bylund; that Leslie Bylund and his wife loaned E. O. Bylund credit for his use to Fisher by giving Fisher a note and a mortgage on the dry farm. In consequence, Fisher is attaching a piece of property owned by another than he who owes the deficiency. Unless, therefore, Fisher can by some theory impress the Westminster property with a trust on the ground that there was skullduggery which resulted in his parting with his bungalow and which could be traced into the Westminster property he must fail. The judgment roll reveals no basis for such theory.

McDONOUGH, J., being disqualified, did not participate herein.