THOMAS SNELL *et al.*

*v.*

CLINTON W. STANLEY.

1. SERVICE—*acknowledgment of.* The record of a suit to foreclose a mortgage, showed that a nominal defendant acknowledged service on the back of the summons, and in the same writing authorized complainant's solicitor to enter his appearance, which was done on proof of the execution of the acknowledgment: *Held*, that such defendant was properly in court and subject to its jurisdiction.

2. CHANCERY PRACTICE—*answer instanter.* The circuit court, upon overruling a demurrer to a bill to foreclose a mortgage, when it appeared there was no defense, required the defendant to answer *instanter*, and on failure to do so the bill was taken as confessed and a decree of sale entered: *Held,* no error in the proceeding.

3. PRACTICE IN SUPREME COURT—*briefs.* Where the briefs of counsel, in the citation of cases from published reports, fail to give the names of the parties as required by rule 28 of the late revision of rules, they will not be regarded by this court.

APPEAL from the Circuit Court of DeWitt county; the Hon. THOS. F. TIPTON, Judge, presiding.

This was a suit in chancery to foreclose a mortgage. On the back of the summons was this writing:

"I hereby acknowledge service of the within summons, and authorize Messrs. Moore & Warner to enter my appearance in the within case.

SPRINGFIELD, ILL., Sept. 9, 1871.

C. D. HARVEY, *assignee for*
HENRY TYLER."

The signature of Harvey was proved in court, and Messrs. Moore & Warner, solicitors for the complainant, also entered the appearance of Harvey, the solicitor for the other defendants protesting against the entry of such appearance.

Mr. E. H. PALMER, for the appellants.

Messrs. MOORE & WARNER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery to foreclose a mortgage. All the parties interested had notice of the pendency of the suit by actual service of process, or by an acknowledgment of service.

There was a demurrer to the bill, which was overruled. The point is made here that the appearance of Harvey, one of the defendants, was entered by the counsel for complainant. The record shows Harvey acknowledged service on the back of the summons more than a month before the return day, and in the writing of acknowledgment he authorized Messrs. Moore & Warner, the counsel for complainant, to enter his appearance. We see nothing objectionable in this. Harvey, at best, was but a nominal party, but if not, he was in court, as were the other defendants, subject to the judgment of the court.

On overruling the demurrer, the defendants were required to answer *instanter*. On failure to do so, the bill was taken as confessed, and a decree passed for the mortgage debt, and a sale of the premises ordered to satisfy the debt, the amount of which was found by the master and reported to the court.

There was no defense whatever to the bill, and there was no error in the proceedings or in the decree, and it must be affirmed.

We take this occasion to say to the counsel for appellee, and to all others who may be derelict in this particular, that no brief filed by them will be regarded by this court if there is not a strict compliance with the rule of this court in respect thereto. The rule, in force when this brief was filed, and is yet in force as rule 28 of the late revision of the rules, provides, "in citing cases from published reports, counsel will be required not only to give the book and page, but also the names of the parties as they appear in the title of the reported case." The necessity for this is obvious, for, if a mistake in the page, the case can not be readily found. Appellee's counsel have cited a very large number of cases decided by this court, not one of which contains the names of the parties. This must not be repeated. This rule must be observed.

*Judgment affirmed.*