# BLANCHE I. HARRISON and WALTER H. HARRISON vs. FRANKLIN J. MORTON. Case A.

*Absolute Deed Intended as a Mortgage—Failure to Record the Defeasance—Jurisdiction of Equity to Enforce Payment of Such Security—Service of Writ of Summons—Admission of Service by Attorney—Decree Pro Confesso—Failure to Enter Defendant's Appearance by Attorney—Notice of Decree Pro Confesso.*

When a conveyance of property absolute in its terms was intended by the parties as security for the payment of money, but the agreement operating as a defeasance was not recorded with the deed, the transaction is to be treated as a mortgage between the parties, and equity has jurisdiction to decree a sale of the property to enforce payment of the grantee's lien.

Code, Art. 66, sec. 1, provides that when a deed absolute in its terms is intended only as security in the nature of a mortgage, the grantee shall not have any advantage from the recording thereof unless the instrument operating as defeasance be also therewith recorded. *Held*, that such a deed is valid between the parties although the defeasance is not recorded.

A bill in equity for the sale of property was filed against a husband and wife. The deputy sheriff took the summons to the husband, informing him of the nature of the writ, and he referred the officer to his attorney who endorsed on the writ, "enter my appearance for the defendants." The return of "summoned *ambo*" was made, but the Clerk of the Court did not enter the appearance of the attorney on the docket. No answer was filed by the defendants and a decree *pro confesso* was made. Such decree can be had either in default of appearance or in default of an answer after the time limited. *Held*,

1st. That the endorsement on the writ by defendants' counsel was a waiver of formal service of the same and the defendants were properly in Court.

2nd. That although the appearance of defendants' attorney should have been entered not later than the return day of the writ, yet, since the decree *pro confesso* was not obtained until two weeks after the expiration of the time limited for answering, and since the defendants had actual notice of the sale of the property before it took place and made no objection until after it was made, they were not injured by the Clerk's error, and the decree *pro confesso* was not vitiated by the erroneous recital in it that the defendants were duly summoned and failed to appear according to the exigency of the writ.

Under Code, Art. 16, sec. 127 (Equiry Rule 12), providing that in de-
fault of appearance, or of answer, etc., after appearance within a
certain time, the bill may be taken *pro confesso*, it is not necessary
to give notice to the defendant of the decree *pro confesso*.

Appeal from decretal orders of the Circuit Court of Bal-
timore City (DENNIS, J.), overruling exceptions to the sale
reported in this case and dismissing a petition to vacate the
decree for a sale.

The cause was argued before McSHERRY, C. J., BRYAN,
FOWLER, BRISCOE, ROBERTS, BOYD and PEARCE, JJ. (April
27, 1898).

*David Ash* (with whom was *Chas. J. Wiener* on the brief),
for the appellants.

*Vernon Cook* (with whom were *Gans and Haman* on the
brief), for the appellee.

BOYD, J., delivered the opinion of the Court.

The appellee filed a bill in equity against the appellants
alleging that contemporaneous with the execution and de-
livery by them to him of a deed, which is absolute in terms,
he entered into an agreement with them by which he agreed
that upon payment by Walter H. Harrison to him of a
promissory note for the sum of twenty-five hundred dol-
lars, and upon compliance with certain conditions named in
the agreement, he would reconvey the property to either of
the defendants or such person as they might designate.
The note is alleged to have been long since overdue and
unpaid, and the plaintiff claimed a lien in the nature of a
mortgage. A subpœna was issued returnable on the sec-
ond Monday of January, 1897, which the sheriff returned
"*summoned ambo.*" On the third day of March, 1897, a
decree *pro confesso* was passed, in which it was stated that
the defendants had been returned, summoned and had failed
to appear. Testimony was taken on the 6th day of April,
1897, and, having been returned, the case was referred to

an auditor and master, and after his report a final decree in due form was passed, appointing a trustee to sell the property, if the amounts therein named be not paid within thirty days. The trustee sold the property, made his report to the Court and an order *nisi* was passed. Exceptions to the ratification of the sale were filed on the grounds: 1st, that the decree was void, because it was founded on a decree *pro confesso* for an alleged want of appearance to the writ of summons, when in fact an order had been given to the clerk, and was filed by him, signed by counsel for the defendants, directing him to enter an appearance, and that said order was equivalent to an appearance ; 2nd, that Blanche I. Harrison was not in point of fact summoned, but was so returned upon the understanding that appearance of counsel for the defendants justified such return ; 3rd, that the plaintiff had no right to have the property sold by reason of a certain agreement alleged to have been made, and 4th, that the property sold for a grossly inadequate price. Subsequently they filed a petition to vacate the decree for the reasons set forth in the exceptions to the sale. Testimony was taken, chiefly, as to service of process, and decretal orders were passed overruling the exceptions to the sale and dismissing the petition to vacate the decree. From those orders this appeal was taken.

It is contended on behalf of the appellants that the allegations in the bill did not entitle the plaintiff to relief and the Court was without authority to grant the relief given, by reason of the defects in the bill. We have already stated as much of the bill as is necessary to show that the object was to have a lien declared for the amount alleged to be due, and in default of the payment thereof to have the property sold. We cannot understand how, as between the original parties, there can be any question about the jurisdiction of a Court of Equity to grant the relief prayed for. Inasmuch as the deed, which was an absolute conveyance in terms, was intended only as a security in the nature of a mortgage, according to the allegations of the bill, and

as the agreement operating as a defeasance was not re-
corded with the deed, section 1 of Art. 66 of the Code de-
prives the plaintiff of any benefit of recording the deed, so
far as third persons are concerned, but between the parties
it was valid (*Owens* v. *Miller*, 29 Md. 144), and to make it
effective, it was proper to pursue the course adopted.
There was no appeal from the decree and we therefore
cannot review the action of the Court below as to the suf-
ficiency of evidence, and other matters that were deter-
mined by it. The exception on the ground of inadequacy
of price has not been pressed in this Court, and there is but
little if any evidence in the record reflecting on that sub-
ject.

The principal question for our determination is whether
the decree *pro confesso* and the proceedings thereunder were
valid. Both of the defendants were returned summoned,
but the evidence shows that the deputy sheriff went to the
office of Mr. Harrison with the summons, and although
there is some discrepancy between the deputy and Mr. Har-
rison as to what there occurred, the latter admits that the
deputy told him he had a summons for him and Mrs. Har-
rison, and he referred him to Governor Whyte, who was
his attorney in this case. The deputy then called on Gov-
ernor Whyte, who wrote on the back of the subpœna
" Enter my appearance for defts., Wm. Pinkney Whyte."
Upon the faith of that the deputy made the return above
mentioned. The Clerk of the Court, probably not observ-
ing the endorsement of counsel, did not enter his appear-
ance, but entered the return of the sheriff on the docket.
The object of the service of process is of course to give
the parties formal notice of the proceedings, and whilst it
must ordinarily be served in one of the methods prescribed
by law, yet that can unquestionably be waived by the par-
ties. A voluntary appearance of a party to a suit is a
waiver of formal notice. *Belt* v. *Blackburn*, 28 Md. 242,
and the most usual way of waiving service is by the ap-
pearance of an attorney. The presumption is that an at-

torney has authority to appear. *Kelso* v. *Stigar*, 75 Md. 405. In the case of *Ireton* v. *Mayor, etc.*, 61 Md. 432, the City Counsellor of Baltimore endorsed on the summons, just as was done in this case, " Enter my appearance for the defendant," and it was held that an appearance for the city to the writ was a waiver of any objection that might have been raised, as to service. In *Northern Central Railway Company* v. *Rider*, 45 Md. 24, the endorsement of the attorney " service admitted for the Northern Central R. R. Co., garnishee," was held to be a " waiver of service on the company, and a consent by the attorney, whose authority for that purpose will be presumed, to appear voluntarily in the cause for the garnishee." In that case the Court said that the appearance of the attorney should have been entered at the return of the writ and must be considered as if it had been so entered, and a judgment having been recovered against the garnishee sooner than the statute authorized when there was an appearance, the case was reversed so the judgment could be stricken out. In this case we not only have a presumption of the authority of the solicitor to appear, but Mr. Harrison himself testified that Governor Whyte was the attorney in this matter for his wife and himself, and that he referred the deputy sheriff to him and told him he would accept service for them. There is not only no evidence contradicting that in behalf of Mrs. Harrison, but one of the exceptions filed by her and her husband relies on the fact that they did appear by their counsel, as an objection to the decree *pro confesso*. Under such circumstances we cannot hesitate to treat the endorsement on the writ as a waiver of formal service and to hold that the defendants were therefore properly in Court.

But it is urged that if this be so then the decree *pro confesso* was invalid, because it is based on the failure of the defendants to appear, reciting that " the defendants having been duly summoned to appear to the bill of complaint and having failed to appear thereto according to the

exigency of the writ." But the defendants are not shown
to have been injured by that error. Under general equity,
Rule No. 11 (now section 126 of Art. 16 of the Code), the
defendants had fifteen days from the return day to enter an
appearance before they could be treated as in default for
non-appearance and twenty days from the time appearance
entered within which to answer. The appearance of Gov-
ernor Whyte should have been entered, and must be so
considered, as not later than the return day, which was Jan-
uary 11th—the order was signed January 4th, and the writ
was apparently returned January 8th, as it is marked filed
as of that date, and was issued on the 4th—but the decree
*pro confesso* was not passed until March 3rd, 1897—fifty-
one days after the return day. Nothing further was done
until April 5th, when testimony was taken which was re-
turned April 10th. Then on May 7th the case was referred
to the Master, and on the 15th of that month his report
was filed and the final decree entered. The trustee gave
bond on July 3rd, made the sale on the 29th of that month,
and reported it on August 2nd. Harrison admitted that
he saw the advertisement two weeks before the sale, yet he
took no steps in Court to vacate the decree until the first of
September. It is not intimated anywhere in the proceed-
ings that the defendants sustained any injury by reason of
the failure of the clerk to enter on the docket the appear-
ance of their solicitor, and it could not be well so contended,
as in point of fact the decree *pro confesso* was not obtained
until over two weeks after the time for answering had ex-
pired, even if the appearance be treated as entered fifteen
days after the return day, and Mr. Harrison knew of the
proceeding the day that the bill was filed, which was Janu-
uary 4th. The error in the recital in the decree that the
defendant had failed to appear could not invalidate it. If
that had been the only ground upon which the decree could
have been passed, and it appeared afterwards that the de-
fendant had appeared, the Judge would, as a matter of
course, have stricken it out if application had been made

within proper time, but when the only mistake was that the defendants had appeared but were in default for not answering, it would be an unwarrantable interference with a decree of the Court to vacate it on such ground, at least unless the defendants had shown some substantial injury by reason of that recital. " The reasons assigned for the decree are not part of the decree." *Kerchner* v. *Kempton,* 47 Md. 592. If there had been an appeal from the decree itself and the facts we have mentioned appeared in the record, it would not have been a reversible error, but would have been treated as a mere irregularity, and much less can such relief be given on an application to strike out the decree after enrollment. It is also alleged that the decree was erroneous because the decree *pro confesso* should have been served on the defendants on or before some day to be therein named, and for this the case of *Wampler* v. *Wolfinger,* 13 Md. 337, is relied on. But that is no longer required in this State. *Equity Rule* 12 (section 127 of Article 16), provides that in default of appearance or of answer, plea or demurrer after appearance within the time allowed, the bill may be taken *pro confesso,* but no notice is required, and in practice none is now given. *Miller's Equity Procedure,* 340, n. 7. The decretal orders overruling the exceptions to the sale and dismissing the petition to vacate the decree will be affirmed with costs to the appellee.

*Orders affirmed, costs to be paid by the appellants.*

(Decided June 28th, 1898).