(No. 14452.—Decree affirmed.)

LENA M. VAYETTE *et al.* Defendants in Error, *vs.* ADDIE B. MYERS, Plaintiff in Error.

*Opinion filed June 21, 1922—Rehearing denied October 4, 1922.*

1. JURISDICTION—*when entry of appearance is sufficient.* The presumption is in favor of the regularity of an entry of appearance, and an entry of appearance filed in a divorce proceeding on the day on which the bill was filed is not invalid because it was signed the day before, as it becomes an entry of appearance from the day of filing.

2. DIVORCE—*what statement in entry of appearance is not collusive.* A statement in the defendant's entry of appearance that the court, if it "shall deem the proof sufficient, may enter a decree on the bill therein in favor of the complainant," does not amount to collusion or an agreement not to defend the proceeding, where there is no evidence in the case tending to show that the defendant in any way agreed that a divorce decree should be entered but the record shows that the defendant sought to avoid such a decree and afterward filed a motion to set it aside for want of notice.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. STEVENS R. BAKER, Judge, presiding.

TUESBURY, WILSON & ARMSTRONG, and MORSE IVES, for plaintiff in error.

ARTHUR H. SHAY, and LESTER H. STRAWN, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Clarence W. Myers, defendants in error's testate, filed his bill for divorce to the January term of the circuit court of Livingston county against the plaintiff in error. The bill was filed January 6, 1920. On the same day an entry of appearance was filed in the following language:

"I, Addie B. Myers, defendant in the above entitled cause, hereby enter my appearance therein and waive service of summons therein upon me, and agree that on the filing of said bill for divorce in said cause at the January term, A. D. 1920, of said circuit court of Livingston county, Illinois, said court may proceed instanter, or at any time convenient to the court, to a hearing in said cause, and, if the court shall deem the proof sufficient, may enter a decree on the bill therein in favor of the complainant.

"Dated at Dwight, this 5th day of January, 1920.

ADDIE B. MYERS."

The charge was adultery. The complainant's proof consisted of the evidence of himself, the wife and daughter of the co-respondent named in the bill, and a letter from the plaintiff in error to Myers dated August 9, 1919, acknowledging the acts of adultery complained of in the bill. On March 20, 1920, which was on or near the last day of the January term of court, plaintiff in error filed her motion to set aside the decree and to re-open the cause for hearing of further testimony and to permit her to appear and defend the bill. Time was extended to the May term, 1920, in which to prepare and file affidavits in support of the motion, and the cause was continued until that time. It appears, however, that no such affidavits were filed, but on May 1, 1920, plaintiff in error presented her sworn petition for permission to file an answer to the complainant's bill, which petition and answer denied in detail the acts of adultery or that the complainant conducted himself towards her as a kind and faithful husband and set up counter-charges of adultery. The petition and answer also set out that the confession used in support of the decree was obtained from

her in furtherance of a preconceived plan on the part of
the complainant in the bill and that the allegations of fact
therein stated were wholly untrue. It appears that the rec-
ord stood in this condition until the January term, 1921,
when, without securing a decision of the court concerning
her petition to set aside the decree and to file an answer,
she filed an amended motion to vacate the decree on the
ground that the court was without jurisdiction to enter it
and that she was by the terms of the decree deprived of her
rights without due process of law, contrary to the constitu-
tions of this State and of the United States; alleging that
the entry of appearance in the cause was void and that she
had not been served with summons in the cause and had no
notice of the filing of the bill of complaint or the commence-
ment of the suit until after the entry of the decree therein.
In August, 1921, the court denied the amended motion filed
by plaintiff in error on May 1, 1920, and in October, 1921,
denied her motion to vacate and set aside the decree for
want of jurisdiction. The contention of the plaintiff in
error is that this was error, that the court had no jurisdic-
tion over her, and that it was error to refuse to permit her
to answer. Clarence W. Myers died during the pendency
of this cause, and defendants in error, as his representa-
tives, were substituted.

The facts concerning the entry of appearance, as shown
by the evidence heard on the motion to vacate the decree,
were, that the same was signed by plaintiff in error late in
the evening of January 5, 1920, and was filed the follow-
ing day, at which time the bill itself was filed. The testi-
mony of the complainant is that he told plaintiff in error
that the case was to be heard the following day, and that
at the same time he delivered her a copy of the bill filed
on the next day. There is no question as to the entry of
appearance being signed by the plaintiff in error, and the
copy of the bill filed in court on January 6 contained the

indorsement, "I have received a true copy of this bill this 5th day of January, 1920," signed, "Addie B. Myers." There is no dispute as to her having signed this receipt. This testimony, according to the abstract, appears to have been offered by the plaintiff in error on the hearing on her motion to vacate the decree for want of jurisdiction. The proof, therefore, does not sustain the averment in her affidavits in support of said motion that she had no notice of the filing of the bill of complaint nor the commencement of the suit until after the entry of the decree.

It is earnestly contended by plaintiff in error that the circuit court did not have jurisdiction over her person at the time the decree was entered. The entry of appearance was in the usual form, waiving service of summons and agreeing that the cause might be filed at the January term of court and that the court might proceed at once to the hearing of the cause, and it is contended that because no summons was issued after the bill for divorce was filed and before the entry of the decree, no notice of any kind was given to the defendant. This is a refinement of reasoning which cannot be sustained. The filing of the bill and the entry of appearance were at one and the same time. There is no showing of collusion in the entry of appearance though plaintiff in error contends that it was done in accordance with a preconceived plan on the part of complainant. She, however, does not even contend that it was agreeable to her, but claims in her motion and affidavit that she signed the entry of appearance because she could do nothing else.

The presumption is in favor of the regularity of an entry of appearance and not against it. (4 Corpus Juris, sec. 36, and cases cited.) In support of the contention that the entry of appearance in this case did not give the court jurisdiction, counsel for plaintiff in error cite *McCormack v. First Nat. Bank*, 53 Ind. 446. That was a suit upon a bill of exchange. The defendant indorsed an entry of ap-

pearance on the back of the complaint. The Indiana statute requires that such an entry of appearance shall be indorsed on the back of the summons in order to amount to the equivalent of service. It was there held that as no summons had been issued there could be no acknowledgment on the back thereof amounting to appearance. Counsel also cite *Duimo* v. *Arbuckle,* 166 App. Div. (N. Y.) 86. That was a suit against Arbuckle and a non-resident named Jamison, and the attorney representing Arbuckle by mistake signed a stipulation of entry of appearance for Jamison, who had never authorized any appearance. The default was set aside as to him. It is seen that these cases are not on all-fours with the case at bar. Here there is no denial that the entry of appearance was in regular form, signed by the plaintiff in error. The fact that the entry of appearance was signed the day before the filing of the bill does not affect its validity. It was filed on the day the bill was filed and was the entry of appearance from the day of filing.

Numerous cases have been decided in other jurisdictions touching questions similar to the one raised here as to the sufficiency of the entry of appearance. In *Epps & Leabow* v. *Buckmaster,* 104 Ga. 698, the defendant signed the following entry of appearance upon the original bill: "I hereby acknowledge due and legal notice of the filing of the within bill and hereby enter my appearance in said cause, hereby expressly waiving service of subpœna and publication." The facts showed this was signed in the office of the attorney for the plaintiffs. It was there held that this was a valid entry of appearance, the court saying that it could conceive of no more effectual way of signifying an intention to appear in a case than by the defendant filing a written statement with the record in the court to the effect that he enters his appearance; that the defendant knew that the original bill, with his appearance indorsed upon it, would be transmitted to the court.

In *Harrison* v. *Morton,* 87 Md. 671, the attorney for the defendant indorsed on the summons, "Enter my appearance for def'ts." The attorney being authorized to appear for the defendant in that case, it was held that this entry of appearance was sufficient.

*Bowman* v. *Bowman,* 64 Ill. 75, was a divorce case filed by John B. against Maria S. Bowman. The bill was filed November 10, 1871. On the bill was indorsed, "East St. Louis, October 24, 1871.—I hereby waive process and enter my appearance in this cause and pray an early adjudication of the case," signed "Maria S. Bowman," and this court held that there being no collusion the entry of appearance was valid and the court had jurisdiction of her person.

In *Snell* v. *Stanley,* 63 Ill. 391, the record showed that one of the defendants acknowledged service on the back of the summons and in that acknowledgment authorized counsel for the plaintiff to enter his appearance. It was there held that this was sufficient to constitute entry of appearance.

Plaintiff in error contends that because the entry of appearance, by its last paragraph, states that "if the court shall deem the proof sufficient, may enter a decree on the bill therein in favor of the complainant," this amounts to collusion. While it is universally the rule that an agreement not to defend a divorce case is void as against public policy and vitiates a decree entered in pursuance of such agreement, there is no evidence in this case tending to establish that she in any way agreed that a divorce decree should be entered. All the proof on her part tends to show that she did not want the complainant in the cause to secure a divorce and that she sought to avoid the same. Furthermore, this contention is inconsistent with her motion to set aside the decree for want of notice. The language in the last paragraph of the entry of appearance cannot be construed as an agreement that a divorce should be had.

It is also contended that the evidence in the case is not sufficient to warrant the decree, and that the court erred in not vacating the same on the motion of plaintiff in error in March, 1920. This contention cannot be sustained. There is abundant proof in the record of adultery on the part of the plaintiff in error and Arthur W. Lowther. The complainant testified that she admitted such infidelity to him; that she registered at the National Hotel, in Peoria, Illinois, and occupied a room with Lowther under the name of Mr. and Mrs. Morgan; that Lowther frequently visited her at her home in Dwight during her husband's absence. Mrs. Lowther, wife of the co-respondent, testified that she at different times on Sunday nights followed her husband after church services and saw him go into the house of the plaintiff in error; that on one occasion, on her being out for the evening, she returned and found the plaintiff in error in her house; that she found gray hair-pins upon her bed; that plaintiff in error's hair is gray; that she afterwards accused her husband of having intimate relations with plaintiff in error, which he admitted and told her it was none of her business. Moren Cooper Snively, daughter of Mrs. Lowther and the co-respondent, also testified to having seen Lowther go to the residence of plaintiff in error. Plaintiff in error's confession stated that she was a member of the choir in the church of which Lowther was the pastor; that their relations became intimate, and for more than a year he visited her in her apartments when she was alone and that they had illicit relations at these times.

The decree is amply sustained by the evidence. We find no error in the record in this case to warrant a reversal of the decree, and the same is affirmed.  *Decree affirmed.*