JACOBS v. ELLETT, Judge.

No. 6829.   Decided May 4, 1945.   (158 P. 2d 555.)

See 1 C. J. S., Action, sec. 123; 3 Am. Jur. 787.

*R. Verne McCullough,* of Salt Lake City, for plaintiff.

*Roald A. Hogenson,* of Salt Lake City, for defendant.

LARSON, Chief Justice.

Petition for peremptory writ of mandamus directing Hon. A. H. Ellett, Judge of the District Court of Salt Lake County, to enter the default of the defendant in the case of *Merle Jacobs* v. *James R. Jacobs,* designated as case No. 74162 in the District Court of Salt Lake County, State of Utah.

The facts as agreed and stipulated by the parties to this action are as follows: James R. Jacobs and Merle Jacobs are husband and wife whose ship of domesticity has been floundering in a troubled sea; that said James R. Jacobs is in the United States armed forces outside continental limits of the United States; that by correspondence and otherwise the said James R. Jacobs and Merle Jacobs had discussed their marital difficulties and incompatibilities; that the fairer partner had advised the stronger partner that she desired to cease cruising on the matrimonial seas and dissolve the marriage contract and intended to institute an action for divorce; that on the 15th day of March, 1945, James R. Jacobs executed in writing before his commanding officer as provided by law, a Voluntary Appearance and Consent and Waiver in what purported to be an action in the District Court of Salt Lake County, Utah, entitled *Merle Jacobs, Plaintiff* v. *James R. Jacobs, Defendant,* and sent the same to counsel for the plaintiff, who received said written instrument on the 20th day of March, 1945; that prior to the execution of said Appearance Consent and Waiver, the said James R. Jacobs had received a copy of a complaint for divorce entitled the same as the Consent and Waiver; that immediately upon receipt of said Consent and Waiver by counsel for plaintiff, to wit: on March 20, 1945, counsel for plaintiff filed in the District Court of

Salt Lake County, the original complaint in said divorce action of which James R. Jacobs, defendant, had received a copy and also filed in the office of the clerk of said court the Consent and Waiver signed by defendant and moved the court to enter the default of defendant and hear the cause on the merits. The court, Hon. A. H. Ellett presiding, refused to enter the default of defendant James R. Jacobs solely on the ground that since the Consent and Waiver was signed and executed by defendant Jacobs before the complaint was filed in the office of the clerk of the court, the Consent and Waiver was void. This application for writ of mandate resulted.

The only question before us is: Was the consent and waiver executed by James R. Jacobs void because signed and executed before the complaint was filed? We are not here concerned with any question of collusion, nor do we have a situation where the signer of the Appearance and Waiver seeks to avoid the same and be relieved of the consequences thereof. We have merely the narrow question as to whether the appearance and waiver is void on its face because signed and executed before the complaint was filed in the court. It seems to be the well settled practice that courts take cognizance of the times papers involved in litigation are filed, rather than the date of their execution. Thus we have a statute, Sec. 104-16-2, U. C. A. 1943, requiring that in actions in claim and delivery, the complaint must allege that at the time of commencement of the action the plaintiff was entitled to the possession of the property—that is, the allegation in the complaint must be in the present tense, "that plaintiff now is entitled to the possession." This court has held that plaintiff must be entitled to possession at the time the action is commenced by filing the complaint and therefore the allegation must be in the present tense, that is as of the time of the commencement of the action. We further held that a complaint was good if the allegation was in present tense, although signed and verified several days before the action was commenced by

filing of the complaint, because the pleading was intended to become effective, and became effective as of the time it was filed and not the time it was signed. *James* v. *Jensen*, 50 Utah 485, 167 P. 827; *State ex rel. Jones* v. *West Pub. Co.*, 52 Utah 129, 172 P. 678. Findings of fact and conclusions of law signed by the court on March 10 and not filed until April 2 were effective as made by the court on the date of filing not signing. *Emerson-Brantingham Implement Co.* v. *Stringfellow*, 57 Utah 284, 194 P. 340. On the side we may remark that a deed becomes effective as a conveyance not on the date of its signing and execution but on the date of its delivery. It serves as notice to the world from date of recordation not date of execution. A writ of execution is non-effective until levy is made on the property, which may be as much as sixty days after it is dated. Sec. 104-37-4, U. C. A. 1943.

Coming more specifically to the question of appearances and waivers in actions at law, we note a recent case, *Gardner* v. *Gilbirds*, Mo. App. 1937, 106 S. W. 2d 970, and we quote from the syllabus:

"A written appearance and waiver of service of summons speaks from the time of its filing, notwithstanding it may have been prepared and executed prior to filing of petition."

The court further says that when a petition is filed during a term of court and defendant voluntarily enters his appearance at that term, he confers upon the court full jurisdiction to proceed with the suit to final judgment and cites *Davison* v. *Hough*, 165 Mo. 561, 65 S. W. 731.

The Supreme Court of Arkansas in *Kirk* v. *Bonner*, 186 Ark. 1063, 57 S. W. 2d 802, held, as stated in the syllabus No. 3,

"Defendant may sign and permit filing of instrument, entering his appearance in suit, before issuance of process."

In this case the Appearance and Waiver was· signed

27 days before the suit was filed. The court in the course of the opinion said:

"He knew who the plaintiff was, he knew what court the suit was in, and he knew he was defendant, and knew he was being sued for rent because the instrument"

gave him that information.

In the case out of which the present proceeding grew the defendant when signing the Consent and Waiver, had not only all the information mentioned in the cited case but also had before him a copy of the complaint and a property settlement which had been written in accordance with his suggestions. The Arkansas court further says:

"Any action of a defendant which amounts to an intention to enter his appearance * * * is a voluntary appearance."

In *Bowman* v. *Bowman,* 64 Ill. 75, the defendant on October 24th signed the following endorsement on the complaint:

"I hereby waive process and enter my appearance in this cause, and pray an early adjudication of the case."

The complaint with the endorsement thereon was filed on November 10th, sixteen days later. The court upheld the decree.

In *Vayette* v. *Myers,* 303 Ill. 562, 136 N. E. 467, the court held that an appearance, regular in form, signed by defendant on the day before, but filed on the day of the filing of the bill was valid.

We conclude therefore that the court was in error in holding the Consent and Waiver invalid and void on its face. Let peremptory writ of mandate issue as prayed for.

McDONOUGH, TURNER, and WADE, JJ., concur.

WOLFE, Justice (concurring).

I concur but I call attention to the fact that our ruling in this case appears to be somewhat inconsistent with what we said in the case of *Fisher* v. *Bylund,* 97 Utah 463, 93 P. 2d 737.