William R. Bradshaw, Plaintiff-Appellee, v. Lucille Bradshaw, Defendant-Appellant.

Gen. No. 50,692.

First District, Fourth Division.

March 18, 1966.

John D. Vosnos, of Chicago, for appellant.

Kenneth E. Wilson, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from an order entered on March 31, 1965, vacating and setting aside a decree for separate maintenance which was entered in her favor on June 6, 1962.

On June 15, 1961, plaintiff filed an action for divorce on the ground that the defendant deserted him on or about August 16, 1954, without his fault. On August 2, 1961, the defendant filed an answer thereto denying the allegations set forth in the complaint and in addition filed a counterclaim for separate maintenance in which she alleged that the plaintiff wilfully deserted her on December 7, 1960. Plaintiff did not file an answer to the coun-

terclaim. For several days prior to May 22, 1962, the cause appeared in the Chicago Daily Law Bulletin under the contested divorce call in which it was stated that the cause would be called at 2:00 p. m. on May 22 to be set for trial. On that date, only the defendant appeared in the assignment court as the cause was set to be heard on June 6, 1962, as a contested matter. On June 5 the cause once again appeared under the contested divorce call in the Chicago Daily Law Bulletin and the date of trial was announced. No default was entered for the failure of plaintiff to answer defendant's counterclaim. The cause was heard on June 6 though neither the plaintiff nor his attorney appeared in court, after which a decree of separate maintenance was entered in favor of the defendant and plaintiff's complaint for divorce was dismissed with prejudice for want of equity. The testimony in support of the decree was not transcribed or recorded.

On May 27, 1963, counsel for the plaintiff served a copy of notice and petition under section 72 of the Civil Practice Act (Ill Rev Stats 1961, c 110, § 72) to vacate the decree and on July 9 leave was granted to file the petition. In his petition plaintiff asserted that: (1) counsel for plaintiff from time to time called the office of defendant's counsel with reference to the status of the cause and conversations were conducted with reference to settlement; (2) the cause was reached on the trial calendar on May 22, 1962, unknown to plaintiff or his attorney, at which time it was referred for trial; (3) during the pendency of the case on the contested trial calendar no orders for alimony or support or attorney's fees were entered against the plaintiff, nor were any motions made in behalf of the defendant; (4) no notice was received as to the continuance of the cause to June 6 nor of the entry of the decree; (5) in May 1963 counsel for the plaintiff made a check of the court calendar and files to determine why the case had not appeared on

93

the calendar and discovered the entry of the decree; (6) that no motion had been made to enforce the decree; (7) the decree was entered on the basis of perjured testimony; and (8) plaintiff has a good defense to the counterclaim since he did not desert the defendant, but the latter deserted him.

On August 5, 1963, defendant filed a motion to strike the petition, which was denied on March 31, 1965. An order was also entered on that date vacating the decree and granting plaintiff leave to file an answer to defendant's counterclaim.

 Defendant's motion to strike the petition must be taken to have admitted all well-pleaded allegations of fact. Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348. An action for divorce involves interests other than those of the parties litigant. The State, as the sovereign, has an interest in maintaining the integrity and permanency of the marriage relation. McKeon v. McKeon, 4 Ill App2d 515, 124 NE2d 564. Whether there is a contested hearing with both parties present or an ex parte hearing, the entry of a decree of divorce should not be treated as a casual matter. Ollman v. Ollman, 396 Ill 176, 71 NE2d 50. The principles of the aforesaid cases are also applicable to a proceeding for separate maintenance.

Section 1.1 of the Uniform Circuit and Superior Court rules,[1] in effect at the time of trial, provided that:

> Notice of all proceedings in an action shall be given to all parties who have appeared and have not been found by the Court to be in default for failure to plead . . . .

Plaintiff was not notified of the presentation of the decree for separate maintenance. In McKeon v. McKeon, supra, the court reversed an order denying a petition

---

[1] In force now as Rule 1.1 of the Circuit Court of Cook County.

to vacate a divorce decree and held that notice of the presentation of the decree was required. In interpreting the rule in effect at that time [2] the court at page 524 stated:

> In this State in equity it is the practice for the attorney who obtains the decree to prepare it and submit it to the judge for approval and entry. The judge's oral announcement of his decision and the reasons therefor have no effect, and the decree is not the act of court until it is signed or approved and entered of record. This is a judicial act . . . . Rule 21 . . . has never been held to dispense with the necessity of notice when the court, after the conclusion of the trial, is asked to perform a judicial act therein . . . . In equity cases it has been the common practice, where an appearance and answer are on file and an ex parte hearing has been held, to require that notice be served upon the opposing party of the approval and entry of the decree or that the opposing party indicate on the decree his approval. This practice is in the furtherance of justice . . . .

■ Therefore, since in the instant case no default had been entered, plaintiff was entitled to notice of the presentation of the decree for separate maintenance.

In Wolder v. Wolder, 30 Ill App2d 98, 173 NE2d 546, the court reversed an order of the trial court denying the defendant's motion to vacate a decree of divorce and stated at page 102:

---

[2] This was Rule 21 of the Superior Court of Cook County, which was replaced by Rule 1.1 in 1959, and which provided as follows:

Sec. 1. No motion will be heard or order made in any cause without notice to the opposite party after such party has entered his appearance, except when a case is reached on the trial call and called for trial.

95

In our case, plaintiff's attorney was quite aware that the divorce was contested. Although the court and attorneys' offices are located within the central business district, plaintiff's attorney did not try to reach defendant's attorneys when they failed to answer the trial call of the contested calendar on December 15th. A simple glance in the court file by the trial judge would have revealed the many court appearances of the parties, disclosing a contested matter. A postal card mailed by the court's clerk or a phone call to defendant's attorneys by the court's bailiff on the date the case was called for trial would, in our opinion, have obviated the necessity of hearing this cause as a default matter. Upon the facts in this case, we think the defendant should be allowed to defend the suit for divorce on its merits, and that the trial court erred in refusing to vacate the default decree.

In the instant case the allegations of plaintiff's petition, which stand admitted, show that conversations were had from time to time between counsel regarding the status of the case and settlement. Though counsel for the defendant was fully aware of the earnest contest by plaintiff with respect to the divorce, the record does not indicate that he made any effort to inform the plaintiff that the case was set for trial. No justification for this conduct is offered by the defendant except that she was under no legal duty to notify plaintiff or his attorney under the aforesaid circumstances. Further casting a cloud on the proceedings in the instant case is the fact that there was no effort by the defendant prior to September 27, 1963, (more than one year after the entry of the decree) to collect any of the payments due under the decree. In Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, the defendant was not notified of the entry of default judgments until after the

expiration of thirty days (the time allowed for making a direct attack thereon). Shortly after the entry of the default judgments counsel for defendant made an offer of settlement but counsel for the plaintiff, without revealing the entry of the aforesaid judgments, stated that he would be unwilling to discuss settlement until a later specified time which was after the aforementioned thirty days. The court stated at page 293 that:

> The pattern of conduct followed by plaintiffs' attorney after the default judgments were entered, and for which no justification has been offered in this or the lower courts, admits of no serious doubt that it was designed to mislead and lull the defendant until such time as the county court's power over the proceeding had ceased to exist at [the] expiration of thirty days.

■ Under all of the circumstances of this case, it is our opinion that the petition and supporting affidavits presented a situation which addressed itself to the equitable powers of the trial court and that, in justice and fairness, plaintiff should be given a hearing on the merits.

The order vacating the decree of separate maintenance and granting plaintiff leave to file an answer to defendant's counterclaim is affirmed.

Affirmed.

ENGLISH and McCORMICK, JJ., concur.