THOMAS F. REAGAN, Plaintiff-Appellee, *v.* BETTY S. REAGAN, Defendant-Appellant.

(No. 74-94; ▮▮▮▮▮▮▮▮▮▮)

Fifth District—August 27, 1974.

*Rehearing denied October 2, 1974.*

George E. Morgan, of Winters, Morgan and Austin, of Marion, for appellant.

James W. Sanders, of Marion, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the defendant-appellant, Betty S. Reagan, from an order of the Circuit Court of Williamson County dismissing her motion to vacate a decree for divorce. In appellant's motion to vacate the decree, she alleged that the entry of appearance was a nullity because it was dated prior to the time of filing the complaint and that her signature on the entry of appearance was obtained by deceit and fraud.

The appellant's motion raises three questions:

1) Can the court vacate the decree after the expiration of 30 days?

2) Did her entry of appearance confer jurisdiction on the court in view of the time which elapsed between the date of its signing and the date of filing?

3) Was her signature on the entry of appearance fraudulently obtained?

Appellant and appellee, Thomas F. Reagan, were married in 1964 and they lived in their home until September 13, 1973. On September 1, 1972, appellant signed an entry of appearance in which she expressly waived the necessity of summons and consented that an immediate default might be taken and entered against her. On September 13, 1973, appellant was committed to the Anna State Hospital for chronic alcoholism, and, a week later, the complaint for divorce and her entry of appearance were filed. On October 5, 1973, while appellant was still hospitalized, a decree of divorce was entered, citing extreme and repeated mental cruelty as the grounds. Appellee notified appellant on a visit to

the hospital before her release on November 1, 1973, that a decree of divorce had been granted.

On January 17, 1974, appellant filed a motion to vacate the decree and to have set aside certain transfers of property made pursuant to a provision in the entry of appearance, which provision was incorporated in the divorce decree. All of this property, eight vacant lots and the home site, was conveyed to appellee's brother by deed signed by appellant and appellee on September 1, 1972; this was the date that appellant signed the entry of appearance. This deed and another deed dated October 5, 1973, the date of the divorce, wherein appellee's brother and appellee's brother's wife reconveyed the property to appellee were filed in the recorder's office on October 18, 1973. On January 30, 1974, appellant's motion to vacate was denied.

■■ In *Bowman v. Bowman* (1872), 64 Ill. 75, 81, the court said: "When a bill has been taken *pro confesso*, and a decree entered by default, it rests in the sound discretion of the court to relieve the party of the consequences of the default * * *. This court has the right to review the exercise of such discretion in chancery proceedings." In *Bratkovich v. Bratkovich* (1962), 34 Ill.App.2d 122, 126-127, 180 N.E.2d 716, the court stated: "It is a fundamental principle of law that the question of the jurisdiction of a court as to subject matter or as to parties can be raised at any time either directly or collaterally."

■■ The court stated in the case of *Barnard v. Michael* (1945), 392 Ill. 130, 135: "A judgment, order or decree entered by a court which lacks jurisdiction * * * is void, and may be attacked at any time or in any court, either directly or collaterally. An application to vacate a judgment or decree, made to the court that rendered it within thirty days after its entry, is a direct attack upon the judgment or decree, but if made after the expiration of thirty days it is a collateral attack." In *Maher v. Title Guarantee & Trust Co.* (1901), 95 Ill.App. 365, 387, it was stated: "* * * while courts of equity have the power to vacate a fraudulent divorce, though in so doing the rights of innocent third parties will be sacrificed, they will proceed with great caution, especially where there has been a second marriage on the faith of the fraudulent decree * * *."

■■ In the instant case the record does not show that either party has remarried and there is no evidence that third parties would be seriously injured if appellant's motion to vacate the decree were granted. We have no hesitancy in holding that appellant is not barred in the filing of her motion by the 30-day provision in the Civil Practice Act.

Was the entry of appearance, which in this case was executed more

than 1 year prior to the filing of the complaint for divorce, valid? Appellee argues that it is, citing *Vayette v. Myers* (1922), 303 Ill. 562, 136 N.E. 467; *Hannah v. Hannah* (1968), 94 Ill.App.2d 372, 236 N.E.2d 783; and 24 Am. Jur. 2d *Divorce & Separation* § 293 (1966). We do not find any of this authority controlling in the instant case. In *Vayette* the bill for divorce was filed on January 6, 1920, by the husband, and on the same day the wife filed an entry of appearance prepared and signed the day before. Also, she received a copy of the bill the day before it was filed and endorsed on it " 'I have received a true copy of this bill this fifth day of January, 1920.' " (303 Ill. at 565.) Furthermore, her waiver said: "[A]t the January term, A. D. 1920, of said Circuit Court of Livingston County * * * " (303 Ill. at 563), so in any case her waiver was not binding beyond the January term of court. Also, the court took the trouble to note that "[t]he filing of the bill and the entry of appearance were at one and the same time." 303 Ill. at 565.

It should be noted that in cases cited by the court in *Vayette* as supportive of the rule that a presumption exists in favor of the regularity of an entry of appearance, the entry was either signed upon the original bill (*Epps v. Buckmaster* (1898), 104 Ga. 698, 30 S.E. 959); endorsed on the summons (*Harrison v. Morton* (1898), 87 Md. 671, 40 A. 897; *Snell v. Stanley* (1872), 63 Ill. 391); or endorsed on the bill (*Bowman v. Bowman* (1872), 64 Ill. 75). The court in *Vayette* also remarked that "* * * it is universally the rule that an agreement not to defend a divorce case is void as against public policy and vitiates a decree entered in pursuance of such agreement * * *." 303 Ill. at 567.

In *Hannah* the husband signed an appearance and consent on July 13, 1967, and left it with his wife's attorney. The decree was entered on July 19, 6 days later. His consent form stated: "I hereby appoint ———— as my solicitor and attorney * * *." Though the court held that this gave the wife's attorney the authority to name another attorney to represent him, it remarked: "* * * the practice reflected by the record could open the door to fraud * * * we therefore condemn it, most particularly the practice of causing the appointment of an attorney to be executed in blank and suggest that the appointed attorney be one actually and personally designated by the prospective defendant. Consistent with good practice, the appointee should be notified and indicate his acceptance before the appointment is executed."

Appellee cites 24 Am. Jur. 2d *Divorce & Separation* § 293 (1966), which supports the proposition that an appearance and waiver is not invalidated by the fact that it is signed before the action is commenced. This section in Am. Jur. 2d is supported by three footnoted cases: In *Green v. Green* (1954), 77 Ariz. 219, 269 P.2d 718, the wife authorized

her attorney to represent her, and the court held she was bound by her authorization because the facts showed that her attorney did appear on her behalf and filed an answer. In *Jones v. Jones* (1953), 209 Ga. 861, 862-863, 76 S.E.2d 801, 803 the court decided that in the case of only a 3-day lapse the waiver was effective but stated that one "* * * may waive service before the petition is filed, provided only that such waiver clearly identifies the suit to which it refers." In *Jacobs v. Ellett* (1945), 108 Utah 162, 158 P.2d 555, the husband was in the Army overseas, and prior to executing an appearance and consent, he received a copy of the complaint. Five days later the complaint was filed, and the court held the waiver valid.

We do not feel that any authority cited by appellee is controlling with respect to an entry of appearance in a divorce action executed more than 1 year before a complaint is filed, one which leaves open, as did the consent in the instant case, the question of when or if a complaint might be filed and the grounds for divorce which might be selected. Also the status of property and other matters could change materially within a year's time. As has been noted, the courts have struggled to support waivers executed even a few days in advance of the filing of a complaint. An important matter of public policy is involved. In *Bradshaw v. Bradshaw* (1966), 69 Ill.App.2d 91, 216 N.E.2d 513, the court stated: "The State, as the sovereign, has an interest in maintaining the integrity and permanency of the marriage relation. [Citation.] Whether there is a contested hearing with both parties present or an ex parte hearing, the entry of a decree of divorce should not be treated as a casual matter." (69 Ill.App.2d at 94.) Quoting from *McKeon v. McKeon*, 4 Ill.App.2d 515, 124 N.E.2d 564, the court said: "'* * * In equity cases it has been the common practice where an appearance and answer are on file and an ex parte hearing has been held to require that notice be served upon the opposing party of the approval and entry of the decree or that the opposing party indicate on the decree his approval. This practice is in the furtherance of justice * * *.'" 69 Ill.App.2d at 95.

■■ We hold that due to the long period of time between the execution of the entry of appearance and its filing, thus giving rise to uncertainties which could result in prejudice to the defendant, and because of its public policy implications with regard to the marriage relation, the entry of appearance in this present case was void.

Though we agree with the proposition that one may be estopped from attacking a divorce decree where substantial benefits under the decree have been accepted and where one or both of the parties have remarried, thus involving the interests of innocent third parties, the record in this case does not disclose that either party has remarried or that

any substantial benefits have been accepted. The period between the entry of the decree and the filing of the motion to vacate was only 3½ months, so only a few monthly payments of $200 could have been made. The record shows that appellant contributed substantially to the acquisition of the coin collection which the decree purported to award her. On the other hand, by the decree she lost all of her interest as joint tenant in property owned by the appellant and appellee. So on balance it would appear that she lost more than she has gained as a result of the decree.

■■ Two Illinois cases holding that the wife was estopped from challenging a decree are readily distinguished from the instant case. In *Guelzo v. Guelzo* (1937), 292 Ill.App. 151, 10 N.E.2d 881, the wife had accepted benefits as provided in the decree. Her challenge, however, was based on a claim of non-residence, and the court said that, since she alleged residence in her complaint, she could not now come in and claim non-residence. In *Friend v. Northern Trust Co.* (1942), 314 Ill.App. 596, 42 N.E.2d 330, the wife accepted in open court $25,000 plus $5,000 attorney's fees and had remarried before moving to vacate the decree. In *Bratkovich v. Bratkovich* (1962), 34 Ill.App.2d 122, 180 N.E.2d 716, the court stated: "The application of the foregoing rule [the rule that a court can consider the question of jurisdiction at any time] has been narrowed in some divorce cases where the party attacking the decree for want of jurisdiction has accepted the benefits and privileges of the divorce decree by a remarriage, or where the other party has remarried and the intervening rights of third parties are affected." (34 Ill.App.2d at 127.) This court held in *Forest v. Forest* (1973), 9 Ill.App.3d 111, 291 N.E.2d 880, that a motion to vacate a default divorce decree should be granted, the court saying, "[N]o rights or interests of any third parties [are] affected by the avoidance of the decree and * * * it cannot be said that the integrity of the institution of marriage has been in any way impugned." 9 Ill.App.3d at 115.

For the reasons stated, the motion to vacate and the relief requested by the appellant must be granted. It is not necessary that we explore the question of fraud.

■■ The judgment of the Circuit Court of Williamson County is reversed and the cause is remanded with directions to vacate the decree and for further proceedings consistent with this opinion.

Reversed and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.