ROBERT C. SEMMENS, Plaintiff-Appellee, *v.* CAROL H. SEMMENS, Defendant-Appellant.

Fourth District   No. 14375

Opinion filed September 30, 1977.—Rehearing denied November 10, 1977.

Law Offices of Roger B. Gomien, Ltd., of Dwight (Roger B. Gomien and Gary M. Neville, of counsel), for appellant.

Trezise & Kinate, of Fairbury, for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

Prior to the entry of their divorce decree on May 4, 1973, the parties entered into a property settlement agreement dated March 15, 1973, and an addendum thereto, dated May 3, 1973. While the decree of May 4, 1973, incorporated the terms of the March 15, 1973, agreement by reference, the addendum was not so incorporated because, as the record reflects, neither plaintiff nor his counsel advised the court of its existence. It should also be noted that the defendant executed an entry of appearance bearing an incomplete date above defendant's signature. Below that signature is the certification of plaintiff's counsel as a notary public which is dated April 24, 1973. The entry was filed with the circuit clerk on April 26, 1973.

The agreement of March 15, 1973, provided in pertinent part that defendant would receive the marital home as her sole property, ultimately free and clear of all encumbrances. Plaintiff was to make monthly payments of $500 to defendant until March 1995. Although called alimony payments in the agreement, the parties intended that the payments be used for mortgage payments, insurance premiums, tax payments and maintenance expenses on the marital home. Counsel for the plaintiff has testified that he labeled these payments as alimony for Federal income tax purposes.

The addendum of May 3, 1973, provided in pertinent part that, in the event of defendant's sale of the marital home prior to amortization of the mortgage, plaintiff's obligation to pay "alimony" would be terminated. Instead, plaintiff would replace the mortgage with a promissory note payable to defendant's order for the amount of the then-outstanding mortgage principal, bearing a 6% interest rate.

On July 30, 1976, defendant filed a motion for a rule to show cause why plaintiff should not be held in contempt of court for failing to comply with the alimony provisions incorporated into the May 4, 1973, decree. On January 26, 1977, plaintiff answered stating:

"That he denies the allegations of paragraph 3 that he has not paid $500.00 per month alimony for the months of June and July, 1976, and further affirmatively states that an Addendum to the Settlement Agreement, said Settlement Agreement having been merged into the Decree above-referenced, was executed on the 3rd day of May, 1973, by Robert C. Semmens and Carol H. Semmens, which provided that in the event the said Carol H.

Semmens sold the premises conveyed to the wife pursuant to paragraph 1 of Article 4 of the Settlement Agreement, the obligation of Robert C. Semmens to pay alimony provided in Paragraph 1 of Article 2 would be modified by substituting for such obligation to pay alimony a promissory note in a principal amount equal to the then outstanding principal balance of said mortgage, with interest and on the terms as provided in said Addendum to the Settlement Agreement, and that a copy of said Addendum is hereto attached marked Exhibit A."

At the hearing on the motion, plaintiff testified that defendant sold the marital home in June 1976, and that he intended to comply with the terms of the May 3, 1973, addendum, even though he knew that the addendum had not been presented to the court at the divorce hearing on May 4, 1973. Defendant testified that she had not received a copy of the addendum, but that she was aware of its existence. Defendant attempted to ask plaintiff's counsel in October 1975, about the consequences of her sale of the house, but she never received a reply. She looked at a transcript of the divorce hearing, and finding no reference to the addendum, she sold the house on June 4, 1976.

On March 7, 1977, the court issued its judgment order in favor of the plaintiff. The court ordered that plaintiff not be held in contempt of court, that plaintiff make the payments required by the addendum of May 3, 1973, and that defendant be equitably estopped from denying the validity of the May 3, 1973, addendum.

In appealing to this court, defendant originally contended: (1) that the May 3, 1973, addendum was an improper attempt to modify the court-approved settlement of the parties; (2) that the addendum violates public policy and is void because it is an attempt to evade the Federal income tax and because it has been intentionally withheld from the trial court. After being asked by the court at oral argument to submit supplemental briefs on the question of whether a divorce decree is void if both parties are represented by a single attorney who is alleged to be tainted with a conflict of interest, defendant contended that the trial court lacked jurisdiction to enforce the addendum because her entry of appearance referred only to the March 15, 1973, agreement.

In essence, defendant alleges that the conduct of plaintiff's attorney in handling the parties' divorce so tainted the property settlement that it should be declared void.

In *Reagan v. Reagan* (1974), 22 Ill. App. 3d 211, 317 N.E.2d 581, a plaintiff-husband obtained an entry of appearance from his defendant-wife approximately one year prior to the date he filed his divorce complaint. The entry of appearance expressly waived service of summons and it reflected defendant's consent to the immediate entry of a

default divorce judgment. Subsequent to signing the entry of appearance, but prior to the filing of the complaint, defendant was committed to the Anna State Hospital for alcoholism treatment. During that hospitalization, the court entered a decree of divorce.

In attacking the decree, the defendant in *Reagan* contended that her entry of appearance failed to confer jurisdiction on the trial court. In agreeing with that contention, the reviewing court stated that the long period of time that had elapsed from the signing of defendant's entry of appearance to the filing of the complaint resulted in prejudice to the defendant—especially in view of the fact that she had no prior notice of the grounds for the divorce complaint and that the status of the marital property might have materially changed during the intervening year.

■■ We note that a decree entered by a court lacking jurisdiction can be attacked at any time in any court, either directly or collaterally. (*Reagan; Barnard v. Michael* (1945), 392 Ill. 130, 135, 63 N.E.2d 858.) By filing a petition to show cause why plaintiff should not be held in contempt, defendant sought to enforce the May 4, 1973, divorce decree which expressly incorporated only the March 15, 1973, settlement agreement. Defendant, therefore, impliedly assumed at that time that the trial court had jurisdiction to enter its decree. In a supplemental brief filed in this court, however, defendant reversed her position and alleged that the trial court did not obtain jurisdiction over her because her written entry of appearance was void.

■■ Defendant's argument that the court lacked jurisdiction over the parties when it entered the divorce decree is without merit because defendant's written entry of appearance is prima facie evidence of the court's jurisdiction. There is nothing presented in the record to refute that showing and we, therefore, hold that the court did have jurisdiction to enter a decree.

The record reflects that plaintiff originally approached his attorney for the purpose of filing divorce papers. Counsel at that time was acting as the parties' family attorney and he indicated his unwillingness to represent both parties unless "* * * they were both agreeing to a divorce and if they would * * * work out their property settlement in a mututally agreeable fashion * * *." The record reflects that the parties, with counsel's help, at least temporarily accomplished that result by executing the agreement of March 15, 1973, and its addendum of May 3, 1973. Defendant, who apparently had not retained counsel, neither appeared nor was represented at the May 4, 1973, hearing at which the parties' divorce was granted.

■■ It is clear that the parties engaged in a transparent scheme designed to secure an improper Federal income tax deduction by attempting to mask mortgage payments, insurance premiums, tax

payments, and maintenance expenses as alimony payments. The scheme did not become readily apparent until the plaintiff pleaded the addendum on January 26, 1977, in response to defendant's petition to show cause.

■■ ■ Plaintiff's counsel should have disclosed the addendum to the court prior to entry of the divorce decree of May 4, 1973. An impermissible situation was created by this omission which cannot be lightly dismissed. Nondisclosure interfered with the court's determination of the respective rights of the parties and, at least on the surface, indicates that a fraud was being practiced on the court.

Accordingly, we reverse the trial court's judgment of March 7, 1977. On remand, the court should specifically determine whether the nondisclosure resulted in a fraud being practiced on the court.

Reversed and remanded with directions.

CRAVEN, P. J., and SLATER, J., concur.