554 P.2d 942

Application of Irving H. BENNION et al. and Rockford Point Estates for a Planned Unit Development.

Arnold E. HOLMAN and George Gerdo and others, Appellants,

v.

The BOARD OF COMMISSIONERS OF KOOTENAI COUNTY, Idaho, et al., Respondents.

No. 12006.

Supreme Court of Idaho.

Sept. 24, 1976.

Pat W. Arney, Coeur d'Alene, for appellants.

James M. English and Frank H. Powell, Coeur d'Alene, for respondents.

McFADDEN, Chief Justice.

Respondents Irving and Richard Bennion, doing business as Benpoint Properties, initiated proceedings to get approval of a planned unit development on the shores of Lake Coeur d'Alene.[1] The appellants, Arnold Holman, George Gerdo, and others, who own property near the proposed development, have opposed requested zoning changes needed for the development; the County Board of Adjust-

---

1. The record includes a copy of a Memorandum Decision rendered by the District Court on January 31, 1975, in the case of *Holman v. Bennion*, No. 31232. That decision describes the proposed planned unit development. The area to be developed is located on a peninsula on Rockford Bay in Lake Coeur d'Alene, and covers some 300 acres.

When fully developed (estimated time being 10 years) there would be about 1,190 single and multiple family residential units, a motel, shopping center, and other facilities. Boat dockage and access to water recreation are planned. An influx of 3,000 to 5,000 people is projected by opponents to the development.

otenai County Planning and Zoning Commission recommended approval of the development: the County Board of Adjustment affirmed the recommendation on April 9, 1974; on May 13, 1974, the Board of County Commissioners gave final approval to the development. On May 31, 1974, appellants filed a notice of appeal to the district court from this decision. The district court dismissed the appeal, from which order this appeal was perfected. This Court reverses.

The certificate of mailing of the notice of appeal reflects that copies of the notice of appeal were timely mailed to the Planning and Zoning Commission, the Board of Adjustment, and the County Commissioners. Additionally, copies were mailed to James English, attorney, who at various time represented the Board of County Commissioners, and also to Gary Haman, the prosecuting attorney of Kootenai County.

Nothing further occurred until October 31, 1974, when counsel for appellants wrote to the County Commissioners and requested that they forward their records of the case to the district court pursuant to the provisions of I.C. § 31–1511, which was quoted verbatim in the letter. On March 31, 1975, the Bennions moved to intervene in the appeal, and also moved the appeal dismissed for laches on the part of appellants. Hearing was held on the motion on April 11, 1975, at which time James English appeared, representing the Board of County Commissioners. He orally moved that the appeal be dismissed, arguing for the county that appellants had improperly served notice of the appeal in that the notice of appeal had not been served on "the clerk of the board [of county commissioners]." Thereafter, the trial court granted the motion to dismiss.

On this appeal, it is the position of appellants that even though the notice of appeal was not served on the "clerk of the board [of county commissioners]" the record discloses substantial compliance with the provisions of I.C. § 31–1509 et seq.,[2] which establishes the procedure on appeals of this nature.

The issue is thus presented to this court as to whether the statutory requirement of service on the clerk of the board of county commissioners is essential to the perfection of appeal from an order of such board, or whether substantial compliance with that requirement will suffice. In other words, in this case was the right to appeal lost by a technical failure to serve the clerk of the board of county commissioners when service has been made on the board by mail, with copies of the notice sent to an attorney who had represented the board, as well as to the prosecuting attorney of the county?

■ I.C. § 31–708 enumerates the duties of the clerk of the board of county commissioners. Examination of this statute reflects that the clerk's duties are primarily to record the activities of the board—to perform ministerial duties. It is apparent from the statute that when a notice is received by the Board, it would be the duty of the clerk to make a note or record of such receipt and in the ordinary course of events the clerk would become aware of the notice. It is difficult to understand how any prejudice could result from a mailing of a notice of appeal to the board itself, instead of to the clerk.

■ Respondents have contended that because appellants mailed the notice of appeal, service was inadequate. However, service by mail of a notice of appeal is sufficient. *Bothwell v. Keefer*, 52 Idaho 737, 20 P.2d 199 (1933); *Mendini v. Milner*, 47 Idaho 322, 276 P. 35 (1929).

The record before this court is devoid of any facts showing prejudice to the re-

---

2. The relevant portion of that statute reads "Such appeal may be taken to the district court, or the judge thereof, of the judicial district of which the county is a part, by serving upon the *clerk of the board* a notice of appeal so referring to the act, order or proceeding appealed from as to identify it." (Emphasis added.) I.C. § 31–1510.

spondents by the notice of appeal not having been served on the clerk. Under these circumstances it is the conclusion of this court that there was substantial compliance with the statutory requirements for service of the notice of appeal and the trial court erred in dismissing the appeal.

The order is reversed and the cause is remanded for further proceedings. Costs to appellants.

DONALDSON, SHEPARD, BAKES and BISTLINE, JJ., concur.